## The Peninsular Railway Co. v. George Howard et al.

*Statutory appeals: From inquests of damages in Rail Road cases.* An appeal to
the Supreme Court, from the confirmation of a report of an assessment of dam-
ages by jury empanneled under Sec. 20 of "the act to provide for the incorpora-
tion of Rail Road Companies," (Laws of 1864, p. 13), brings up the case as it
stood before the Court who confirmed the report.

*Inquests of damages in Rail Road cases: Drawing of the jury: Competency of
stockholders as jurors: Obligation to object to incompetent persons: Jurors
must be freeholders.* The law which provides that damages for taking lands for
Rail Road purposes may be appraised by a jury of twelve freeholders, is not to
be construed as requiring the jury to be composed of the first twelve drawn
from the box; and who by the general jury law, are only required to be
electors. Those drawn and set aside as incompetent must be considered
as no part of the twelve names drawn who are to compose the jury,
and the drawing may continue until a qualified jury is obtained. *Convers
v. Grand R. and Ind. R. R. Co.,* 18 Mich., 459, — that jurors in Rail Road cases
may be challenged for cause—cited and approved.

A stockholder of a Rail Road corporation is not competent to sit as a juror
upon an inquest empanneled to determine the necessity of taking, and the
compensation to be allowed to the owner of land taken for the use of the cor-
poration, and the verdict of a jury—one or more of whose members are thus
disqualified—is void.

Railroad corporations seeking the condemnation of lands for their use must
at their peril raise such objection to the competency of a juror when it is
known to them; and it is the duty of the juror himself to disclose such in-
terest.

Jurors upon inquests to determine the necessity of taking lands for Railroads
and to appraise the damages must be freeholders.

*Heard January 5. Decided January 10.*

Appeal from the Probate Court of Cass County.

The Peninsular Railway Company desiring to lay the
track of their road across land owned by George Howard
and occupied by Benjamin Thompson, lying in the town-
ship of Ontwa, in the County of Cass, presented their pe-
tition to the Probate Court of Cass County, for the ap-
pointment of three Commissioners, under the provisions of
§ 19 of the " Act to provide for the incorporation of Rail
Road Companies," (*as amended, Laws of 1859, p. 559*), to
determine the necessity of taking the land for the use of
the rail road, and the compensation to be allowed to the
owner.

On the 6th of July, 1868, the day appointed for the
hearing before the Probate Court, the respondents—Howard

and Thompson—demanded a jury as provided by the statute. In compliance with this demand the Court "directed that there be drawn from the petit jury box of the County, twelve names, to be inserted in a *venire* for a panel of jurors in the premises, and that a *venire* issue in due form for said jurors, requiring them to attend in person at the Probate Office in Cassopolis in said County on the 22d day of July, A. D. 1868, at 10 o'clock A. M., to make a jury in said behalf." The names of twelve jurors were drawn from the petit jury box and summoned to attend as required by the statute. Of the twelve drawn and summoned, three did not appear as required in the *venire*; and their places were supplied by three—then summoned by the Sheriff. The jury, thus procured, took and subscribed the oath prescribed by law and proceeded to view the premises and hear the proofs and allegations of the parties:—they affirmed the necessity of taking the land described in the petition, and assessed the damages of the respondent Howard at three hundred dollars, and of the respondent Thompson at one dollar.

The report of the jury having been confirmed by the Probate Court, the respondent Howard claimed an appeal to this Court under the provisions of section 23 (*Comp. L. 1967*). The appellant sets forth the grounds of his appeal by his affidavit stating that "on the twenty-second day of July, 1868, three of said jurors failed to appear, and by order of the said Judge of Probate, without the knowledge or consent of this deponent, the said Sheriff placed three other names on the said jury, to wit: Joseph Harper, Orren S. Custard and Jordan P. Osborn, one of whom, the said Orren S. Custard, as appears by his own deposition on file, and as he admitted on oath on the trial of the matter aforesaid, is not a freeholder nor the owner of any real estate in the State of Michigan, or elsewhere. Deponent further says that Levi Norton and Lemuel Chapman, were both at the time of being drawn on said jury, stockholders

in the said Peninsular Railroad Company, and at the time of rendering their verdict as hereinafter expressed, stockholders and interested in said company, and constituting a component part thereof, as one of the directors of the said company, and its attorney knew, at the time of the drawing, and empanneling and swearing of said jurors, though this deponent had no knowledge whatever of the facts of their interest and of the said Custard not being a freeholder, till after said jury were sworn and met on the line of said Road to locate the same, on the said north east quarter of said section eighteen, when he immediately filed his protest against the said jury proceeding to act in the premises, which the said jury under the order and advice of M. S. Brackett, Esq., Attorney of said Company refused to listen to, but against protest, proceeded to appropriate about six and one half acres of deponent's land, lying . and being a part of the north east quarter of section eighteen aforesaid, then and still owned and possessed by this deponent, and as this deponent alleges contrary to law and against the just rights of this deponent. This deponent further says that he has been notified by the Attorney of the said corporation, M. S. Brackett to appear this the third day of August, before the Honorable the Court of Probate, for the said County of Cass, and show cause why the report and verdict of said jury should not be confirmed; and in compliance with said notice comes and shows the following reasons why the said report and verdict should not be confirmed, viz :

1st. The jury were not a legal jury, for the reason one of them, Orren Custard, was not as required by the statute, a freeholder.

2d. Two of them to wit : Lemuel Chapman and Levi Norton were stockholders in and constituted a part of said company, and were thereby rendered incompetent to act in the premises.

3d. The property proposed to be taken was sworn by

the lowest testimony to be worth from five hundred and fifty to six hundred dollars, and only three hundred were allowed.

4th. The verdict and report is against law and evidence in all respects, and therefore ought not to be confirmed, and further deponent says not."

*D. D. Hughes*, for the Railway Co.

This was a proceeding to condemn certain lands of the respondent, by petition to the Probate Court, under the general railroad law of this State. The petition was presented to the Probate Court of Cass County on the 22d of June, 1868, and is governed by the law of 1859.—*Laws of 1859 p. 559.*—A jury was drawn and summoned, heard the case and made a report to the Probate Court. The case comes to this Court under the statute.—*Comp. L. § 1967* No assignment of errors has been filed in this . Court, and the petitioners have no guide to the questions sought to be raised by the respondent, except such as are set forth in the affidavit for appeal.

Both respondents appeared by counsel, and it does not appear that any cause was shown against the granting of prayer of the petition, and the respondents demanded a jury. An order was made, granting the prayer of the petition and complying with the demand for a jury. The jury were regularly sworn, and proceeded to view the premises, and hear the proofs and allegations of the parties, and reduced the testimony to writing. The respondents appeared before the jury at the time of the examination of the premises, and the taking of the proofs, and proceeded to prove, by way of challenge, that two of the jurors, Levi D. Norton and Lemuel Chapman, were stockholders in the Peninsular Railroad Company.

This testimony was properly rejected by the jury. It was not offered to the Court which drew and swore the

jury at all, but to the jury itself; and whatever may be said as to the qualifications of the jurors as sought to be proved, it is very clear that the jury could not hear and decide the challenge. The act itself does not point out the method of trying the jury, but the proceeding is in a court of record, possessing full incidental power to execute the jurisdiction conferred.

It is very clear that all questions as to the competency of the jury are to be settled by the Court, as much so as in ordinary cases in the Courts, and the record fails to show that any objection was made to any juror in the presence or hearing of the Court, or that any such objection was made or testimony offered to the Court.

A challenge must be made at the proper time or it is waived.—*Eggleston v. Smiley,* 17 *Johns,* 133 ; *Milwaukee v. Hale,* 1 *Doug.,* 306 ; *Bourke v. James,* 4 *Mich.,* 336 ; *Slight v. Henning,* 12 *Mich.,* 371.

The testimony offered to the jury to show that O. S. Custard, a juryman, was not a freeholder, was properly rejected on the same grounds.

*Balch, Smiley & Balch,* for respondents.

I. The first point made as a cause for setting aside all the proceedings, subsequent to the drawing of the jury, is that they were not a constitutional and legal jury. (See *Const. of Mich. Art. 18* § *2.*) The necessity for the taking the private property desired, and the compensation to be rendered therefor shall be ascertained by a jury of twelve freeholders. Twelve names were drawn from the petit jury box of Cass County by the Judge of Probate. Three of whom did not appear. Joseph Harper, Orrin S. Custard and Jordan P. Osborn were then summoned as talesmen. Orrin S. Custard, as appears by the testimony taken and returned in the case was not a freeholder. Two of the jury, to wit: Lemuel Chapman and Levi D. Norton, were stockholders and constituted a part of the said Railway com-

pany, and were therefore disqualified. They could not be called impartial; they were interested in getting defendant's land and in getting it as cheap as possible. The law requires jurors to be disinterested and impartial. The spirit of the law is well shadowed forth in our statutes for struck or special juries. (*Comp. L.* §§ *4380, 4383.*) The jurors should certainly be free from interest in order to meet the constitutional and legal requirements. *Redfield on Railways, vol. 1, 218, 219 n 31; People v. First Judge of Columbia, 2 Hill, 398; Powers v. Bears, 12 Wis. 213; R. & S. R. R. Co. v. Budlong. 6 How. P. R. 467; Cooley Const. Lim. p. 563.*

II. The jury was not in compliance with the statute under which these proceedings were had. (*Laws of 1859, p. 562, § 20.*) "Any person may demand a jury of twelve freeholders residing in the vicinity of such property," &c. Now the law authorizes only freeholders to be drawn and summoned. Custard in this case was not drawn from the box and the Sheriff had only a right "to summon *competent persons* to fill the panel," to wit, freeholders, disinterested freeholders.

III. If the jurors were not freeholders, they were not a jury in a constitutional and legal sense and their whole proceedings were void, and it was error in the Court of Probate to confirm them for the reason there was nothing to confirm. *Walker v. B. & Maine R. R. Co. 3 Cush, 1; Sharp v. Johnson, 4 Hill 92; Sharp v. Spier, 4 Hill 76; Striker v. Kelly, 7 Hill 25; Doughty v. Hope, 3 Denio 595.*

The objections to the report were well taken, and there was no waiver of the irregulaity of the proceedings by the defendants. *16 Mich. 351; 15 Vt. 61; 2 Doug (M.) 367; 1 Ben. Monroe 213; 32 Me. 310; 47 Me. 593; 6 Clarke (Iowa) 62; 1 Conn. 401.*

The proper time to make the objections was at the confirmation of the report. *2 Doug. (M.) 367; 1 Comp. L. 643.*

CHRISTIANCY, J.

· The appeal in this case, under section 23 of the general railroad law, ( *1 Comp. L. 1967* ), brings before us all matters which were before the Judge of Probate, properly bearing upon the question of the confirmation of the jury's report or verdict, and places the case before us in the same aspect as it stood before him. And if any sufficient cause was shown before him against the confirmation, we must set aside the report or proceedings so far as they shall be found defective.

The first question presented is whether the jury was properly constituted to authorize them to act at all upon any question before them; if not, it is of no consequence what their action may have been.

The Statute ( *Section 20, Ch. 67, Comp. Laws, as amended, Laws of 1859, p. 562, Laws of 1864, p. 13, 14,* ) requires a jury to consist of twelve freeholders, and provides for drawing the jury from the petit jury box of the county.

Two of the jurors so drawn, in this case and who participated in all the action of the jury, were stockholders of the company, seeking by these proceedings to condemn and appropriate the respondents lands. They were not challenged, nor any questions asked of them touching their qualifications, before or at the time they were sworn. But the respondents were ignorant of their being such stockholders, until after they were sworn and had met on the line of the railroad for action. The respondents thereupon entered a protest with the jury against further proceedings; which, however, the jury disregarded and went on with their proceedings. The Judge did not accompany or preside over them in their action, and we are unable to find any authority in the act for him to do so. The respondents could not bring this objection before him until the report or proceedings of the jury came up before him for confirmation.

The two stockholders upon the jury were substantially

parties interested in condemning the lands and reducing the damages; they were in effect deciding in their own cause.

The maxim that no man shall be judge in his own cause, is one deeply rooted in the common law, and can never be overlooked anywhere, where impartial justice is one of the objects of judicial administration. And in this special proceeding for taking the property of individuals against their will, in which the jury act in effect as judges, in the absence and beyond the control of the Court, we think this maxim is applicable to them as well as judges. Lord Coke asserts that "even an act of Parliament made against natural equity, as to make a man a judge in his own cause, is void, in itself."

The cases in England and in this country are numerous, where the judgment and proceedings of courts and various tribunals have been set aside on the ground of such interest. And in a modern case in England, where the Lord Chancellor, who was a shareholder in a company, in whose favor the Vice Chancellor had rendered a decree, affirmed the decree, it was reversed by the House of Lords, on that ground, though there was not the slightest reason for believing that his action was influenced by that interest, or that it was present to his mind. (*Dimes v. Proprietors of Grand Junction Canal, 3 House of Lords Cases, 759*).

It is not a matter of discretion with the judge or other person acting in a judicial capacity, nor is it left to his own sense of propriety or decency; but the principle forbids him to act in such capacity at all, when he is thus interested or when he may possibly be subjected to the temptation. His powers are absolutely subject to this limitation. (*Washington Ins. Co. v. Price, 2 Hopkins Ch. 2.*) And in a court composed of several Justices of the Peace, if one of them be interested in a proceeding before them, in which he acts at all, the judgment or determination will be void, though there was a majority in favor of the deci-

sion, without counting the interested Justice. See *Queen v. Justices of Hertfordshire, 6 Q. B. 753; also Queen v. Justices of Suffolk, 18 Q. B. 416; Queen v. Justices of London, ib. 421 ;* and see my brother's Cooley's work on *Constitutional Limitations 410 to 413,* where the authorities are collected and the result fairly stated.

It has also been held that this objection is not waived by the neglect of a party to take advantage of it, on the first opportunity. But it may be raised in the appellate Court for the first time. *Richardson v. Welcome, 6 Cush. 332 ; Dimes v. Proprietors &c., 3 House of Lords Cases, 787 ;* and see *Sigourney v. Sibley, 21 Pick. 106.*

These stockholders must in this case have been aware of their own interests. And the Company and its counsel must be presumed to have known it. The petitioners, therefore, were bound at their peril to raise the objection themselves, and cannot be allowed to take any benefit from the action of a jury thus constituted, as against parties who were ignorant of the facts at the time the jury was sworn.

Though the words of the statute might seem to require that only the first twelve names drawn from the box, should compose the jury; yet as the same section requires them to be freeholders, while the jurors whose names are returned by the assessors and put into the box are only required to be electors, ( *Comp. Laws 4350 to 4355* ), it is manifest that it might be impossible ever to obtain a legal jury, unless any of those drawn from the box might be challenged for cause. We held in *Convers v. Grand R. & Ind. R. R. Co. 18 Mich. 459,* that challenge for cause might be made. And we think it follows that those set aside on such challenge, must be considered as no part of the twelve names drawn, who are to compose the jury, and that the drawing may continue till a qualified jury is obtained.

We are not called upon to express any opinion as to the power of the Legislature to authorize such stockholders to sit as jurors; as we are satisfied they have not attempted it.

The jury was illegally constituted. The case stands as if no jury had ever been empanneled. All their proceedings and the confirmation thereof must be set aside, and the Judge of Probate must proceed to empannel a jury for the purposes required by the act.

The respondents must have judgment for costs.

The other Justices concurred.