White *et al. v.* Fleming.

No. 13,677.

## WHITE ET AL. *v.* FLEMING.

COUNTY COMMISSIONERS.—*Special Session.*— *What Business May be Transacted.*—When the board of commissioners is once lawfully convened in special session, no matter for what purpose, it may at such session entertain and act upon any business which may be then presented for consideration, where notice is not required by law to be given previous to the action of the board.

GRAVEL ROAD.—*County Commissioners.*—*Special Session.*—*Notice.*—*Authority to Act Upon Gravel Road Petition.*—Under section 5738, R. S. 1881, an oral notice to the members of the board of county commissioners of a special session is sufficient, and when so convened, or when they are lawfully in special session for the transaction of other business, they are authorized, under the provisions of the act of March 3d, 1877 (Acts of 1877, p. 82), without previous notice to any party interested, to act upon a petition then presented for the establishment of a gravel road.

SAME.—*Jurisdiction.*—*Notice of Meeting of Viewers.*—*Presumption.*—In a proceeding to enjoin the collection of assessments levied for the construction of a gravel road, it will be presumed, in the absence of averment to the contrary, that, upon the appointment of the viewers and surveyor in the original proceedings, the county auditor gave the notices required by section 5092, R. S. 1881, respecting the time and place of meeting of the viewers, the kind of improvement petitioned for, etc., and that the board of commissioners thus acquired jurisdiction of the parties interested.

SAME.—*Collection of Assessments.*—*Injunction.*—In a collateral attack, every reasonable presumption will be indulged in favor of the validity of the proceedings of the board of commissioners, and in the absence of a showing that its proceedings were void, by reason of a lack of jurisdiction of the subject-matter or parties, a suit to enjoin the collection of assessments can not be maintained.

From the Ripley Circuit Court.

*E. P. Ferris, W. W. Spencer, J. S. Ferris* and *J. L. Benham,* for appellants.

*J. G. Berkshire, J. B. Rebuck* and *C. H. Willson,* for appellee.

HOWK, J.—In this case appellee, Fleming, plaintiff below, sued the appellants, White, Jr., treasurer, Wilson, auditor,

and the board of commissioners of Ripley county, as defendants, in a complaint of three paragraphs. In each paragraph of his complaint plaintiff asked that all the defendants might be restrained and enjoined from ordering certain assessments, theretofore made against plaintiff's real estate in Ripley county on account of the improvement and macadamizing of the Versailles and Rising Sun State Road within such county, to be placed on the tax duplicate and collected, and that such assessments might be declared null and void, and for all other proper relief.

The cause was put at issue and submitted to the court for final hearing, and the evidence having been heard and the court being advised, at the defendants' request, made a special finding of the facts herein and thereon stated its conclusions of law in favor of the plaintiff. Over the several exceptions of the defendants to its conclusions of law, the court finally adjudged and decreed that all assessments made against plaintiff's real estate, for or on account of the construction of the aforesaid road, were wholly void, and that defendants, and each of them, and their successors in office, respectively, should be perpetually enjoined from collecting, or attempting to collect, the aforesaid assessments, or any part thereof, etc.

From such judgment and decree defendants have appealed to this court, and have here separately assigned errors which call in question (1) the overruling of their several demurrers to each of the first and second paragraphs of complaint, (2) the sustaining of demurrers to each of the second and third paragraphs of their answers, (3) each of the court's conclusions of law upon the facts specially found, and (4) the sufficiency of the facts stated in plaintiff's complaint to constitute a cause of action when challenged here for the first time.

We will first consider and decide the questions presented for our decision by the first of these alleged errors.

The first paragraph of plaintiff's complaint herein was in the words and figures following, to wit:

"For first paragraph of complaint plaintiff says that, on the 14th day of April, 1884, John W. Neighbert, Philip Ensminger and John H. Ehlers, the county commissioners within and for the county of Ripley, and State of Indiana, came together at the auditor's office in said county and State on said 14th day of April, 1884, with nothing but an oral notice from the auditor of said county; that they caused the auditor of said county to make the following entry, viz.: 'Commissioners' court, April, special session, 1884. The board of commissioners of Ripley county, Indiana, met in special session to settle with the outgoing trustees of the several townships. Court convened in the auditor's office on Monday, April 14th, 1884, at 1 o'clock P. M. Present, John W. Neighbert, president of the board, John H. Ehlers and Philip Ensminger, commissioners, and Nicholas Cornet, auditor.'

"That said commissioners were together each day of April thereafter, 1884, until and including the 18th day of said month, but without any other notice or call than when they came together; the auditor of said county simply gave a verbal notice.

"That, while they were in said special session, on the 17th day of said April, certain citizens of Ripley county, Indiana, residing and owning real estate within two miles of the Versailles and Rising Sun State Road, being more than five in number, presented to said board of commissioners a petition for the improvement of said Versailles and Rising Sun State Road from Versailles east to the county line dividing the counties of Ripley and Dearborn, all of said proposed improvement being in Ripley county, Indiana, by laying out, straightening, grading, draining, paving, gravelling or macadamizing said road.

"That said petition was accompanied by a bond signed by freeholders of said county and State. The said commissioners, being together as heretofore stated, caused the auditor of said county to make the following named entry, viz.:

"'In the matter of the improvement of a highway in Ripley

county, in the State of Indiana, in pursuance to article 8, chapter 70, of the Revised Statutes of 1881.

"'Now, at this time, come James I. Roberts, Jacob L. Benham, Reizin Johnson, James Anderson, Benjamin F. Spencer, William C. Wingate *et al.*, and present their petition in writing for the improvement of the Versailles and Rising Sun State Road in Ripley county, Indiana, as follows, to wit: Commencing on Perry street where it crosses Main street, in the town of Versailles, Indiana, and running thence on said Versailles and Rising Sun State Road, or as near thereto as public utility and convenience may require, until it crosses the county line between the counties of Ripley and Dearborn, in section 18, town. 7, range 13, and being 8 miles in length; said improvement to be made on said road by straightening, grading, draining and macadamizing said road, in pursuance of article 8, chapter 70, of the Revised Statutes of Indiana; and it being made to appear, to the satisfaction of said board of commissioners of said county of Ripley, that more than five of the petitioners aforesaid are resident freeholders of said county of Ripley, whose lands will be assessed for the cost of said proposed improvement, and it appearing further to the satisfaction of the board that a bond has been filed with said petition, signed by Reizin Johnson, James I. Roberts, Ben. F. Spencer, William C. Wingate, James Anderson, George Shook, William C. Henderson, Henry Shulte, Mrs. Margaret Busching and Eli D. Hunter, responsible freeholders of said county, conditioned for the payment of the expense and cost of preliminary survey and report if the proposed improvement shall not finally be ordered, which bond is accepted by the board of commissioners.

"'The board of commissioners now appoint Samuel Harper, John W. Fuller and William Hyatt, freeholders of Ripley county, Indiana, as viewers, and Moritz Pegee as surveyor, who shall meet on the 15th day of May, 1884, at the auditor's office of said county, in the town of Versailles, and, after taking an oath or affirmation to faithfully and impartially dis-

charge the duties of their appointment, shall proceed to view, lay out and straighten said road as in their opinion public utility and convenience may require, and assess and determine the damages sustained by any person or persons through whose premises said road is proposed to be straightened and improved, and do such other acts as by law required, and shall make their report to the board of commissioners at the June term, 1884.'

" That at the time said order above set out was made, said board was not in general or regular session, because the law did not provide for a general or regular session at that time; nor was there a special session, because the commissioners had not been called or notified to meet in special session by any written or printed notice by the auditor of said county, or other officer or person authorized to call them together in special session. Nor had there been an adjournment from any regular session of the board of commissioners, nor from any special session regularly convened to meet on the 14th day of April, 1884.

" But said commissioners came together without any notice, as heretofore stated, calling or notifying them to meet in special session.

" The plaintiff avers further, that John W. Fuller, Samuel Harper and William Hyatt are the only viewers appointed by said board to lay out and straighten said road as aforesaid, and further avers that the only appointment they ever received was as hereinbefore stated.

" That, on the 24th day of April, 1884, the following and only notice that was ever given of the time and place of the meeting of the said John W. Fuller, Samuel Harper and William Hyatt, the pretended viewers, was given by publication in the *Ripley County Journal,* and is as follows:

" ' TURNPIKE NOTICE.

" ' Notice is hereby given that John W. Fuller, Samuel Harper and Wm. Hyatt, viewers appointed at the April special term of the commissioners' court, will meet in the

auditor's office at Versailles, Indiana, on the 15th day of May, 1884, to be qualified, and proceed then to view the proposed improvement and macadamizing of the Versailles and Rising Sun State Road, beginning at Versailles and running east to the county line dividing the counties of Ripley and Dearborn.

" ' Given under my hand and seal at Versailles, this 23d day of April, 1884.

[SEAL]                    " ' NICHOLAS CORNET,

" 'April 24th, 1884.          *Auditor of Ripley County.'*

" That, on the first Monday of June, 1884, that being the 2d day of June of said year, and being the time fixed by law for the regular June term of the commissioners' court within and for said county of Ripley to convene, and being the only time fixed by law for the convening of said June term of said commissioners' court, the said board of commissioners did not convene together in regular session, and no court whatever was held upon that day by said commissioners ; that afterwards, to wit, and without authority of law, the said board of commissioners came together on Tuesday following the first Monday in June in said year, and pretended to be in regular session, and called the said Tuesday following the said first Monday in June the first day of the regular June term of court, and caused the auditor of said county to make the following entry, viz. :

" ' Commissioners' court, June term, 1884, June 3d, 1884. The board of equalization having adjourned, commissioners' court convened, with John W. Neighbert as president, John H. Ehlers and Philip Ensminger, commissioners, and Nicholas Cornet, auditor, acting clerk ;' that the said commissioners continued in pretended session from day to day until and including the 13th day of June, Sunday excepted, causing the auditor to make a record of their proceedings for each day, and pretended to adjourn finally on the -13th day of June, 1884 ; that, on the 12th day of June, 1884, the said pretended viewers made a pretended report to the said commis-

sioners, assembled as aforesaid, that the said road was of public utility and convenience; said commissioners, while in pretended session as aforesaid, caused the said' auditor to make a record showing that they approved the report made by said pretended viewers, and ordering the improvement asked for to be made as prayed for in the original petition, and ordering that all the lands and real estate within a radius of two miles of said road, except its eastern terminus, be assessed for the expense of making said improvement, which improvement was known and designated in the proceedings had by the name of the Versailles and Dillsboro Free Turnpike; that at the same time said order last above named was made, the said board of commissioners were not in regular or general session, because the law does not provide, and did not provide, for a regular session beginning on the first Tuesday after the first Monday in June of said year; nor was there any special session, because said commissioners had not been called together or notified to meet in special session by any notice, written or oral, from the auditor of said county, or any officer having authority in that behalf; nor had there been an adjournment of the board of commissioners from a regular or general session, or from any special session legally convened; but said commissioners came together of their own motion, without any notice or call whatever, and continued together until said 13th day of June, 1884, without any notice or call.

"It is further averred that no other report than the one above referred to was ever made by persons claiming to act as viewers, except as above stated; nor did the commissioners of Ripley county at any other time than as stated order the said improvement to be made.

"That afterwards, to wit, on the first Monday of March, 1885, the said board of commissioners of Ripley county, Indiana, met in regular session, and continued in session until the close of their term as fixed by law, which was the 11th day of March, 1885; that, on the 12th day of March, 1885,

being the next day after their said adjournment, the members of said board came together in the auditor's office under the following circumstances: The auditor of said county having said to them orally on the evening of the 11th of March, and at the time of the adjournment, that they would come together on the following morning in special session, which was the only notice given them to meet in special session, and having come together in pursuance to said notice, they continued to meet from day to day, without any notice or call, until the 20th day of said month of March (Sunday excepted), at which time said commissioners pretended to appoint Lewis Rost, Isaac Vanosdol and John Bultman, three freeholders of said county, a committee to make actual view of the premises and appraise the benefits to the real estate within the two miles limit of said road.

"That at the time the said committee was appointed to apportion said benefits said board was not in general or regular session, because the law did not provide for a general or regular session at that time; nor was the said board in special session, because the members had only a verbal notice from the auditor to meet as aforesaid; nor had there been an adjournment from any general or regular session, or from any special term legally convened.

"It is further averred that the estimated cost of said road and improvement, fixed and ascertained by the viewers as aforesaid, was $14,622; that, on the 20th day of April, 1885, the contract for the construction of said road was let to one John F. Hill for the sum of $13,616, and two dollars per yard for all retaining walls built on said road; that fifteen hundred yards of retaining walls were required and necessary to be built upon said road, costing, at the contract price of $2 per yard, $3,000, making a total contract price of $16,616, which exceeded the estimated cost in the sum of $1,994.

"That afterwards the said Rost, Vanosdol and Bultman pretended to view the real estate within the two-mile limit of said road which had been reported benefited by the said

Harper, Fuller and Hyatt in the pretended report of the said road, for the purpose of ascertaining and apportioning the benefits accruing to the same.

"It is further averred, that, on the first Monday in December, 1885, the said board of commissioners met in regular or general session as fixed by law, the last day thereof being the 16th day of December; that, on the evening of the said 16th of said month, at the close of the said term, the auditor of said county orally said to them 'That they would meet in special session on the following day,' and on the following day, which was the 17th day of December, they came together without any other or different notice or call than as aforesaid, and continued to come together without any other or different notice or call until the 19th day of said month; and on said day, while thus together, the said committee, appointed aforesaid to assess benefits, made a report of their action in the premises, which was the only report of the kind made to the commissioners of said county, which pretended report the said commissioners pretended to approve at the time, and which was made the basis and foundation for the assessment and taxes thereafter assessed, hereafter complained of, as against this plaintiff and upon his real estate; that, at the time the said report was made, and at the time of its pretended approval, the said board was not in regular or general session, because the law does not provide for a general session at that time; nor was there any legal special session, because the said commissioners had not been notified in any other manner than that as aforesaid; nor had there been any adjournment of the board of commissioners from any regular or general session, or from any special session legally convened.

"It is further averred, that in the report of the viewers appointed to lay out and straighten said road, and in the original order made by the said board of commissioners, ordering the improvement to be made, and in the report of the committee to apportion and assess the benefits derived by

the construction of said improvement to the real estate lying within two miles of said road, there is a failure to give such a description of at least one-half of the said real estate so that the same can be found by a surveyor, the different tracts or parcels referred to being described as part of such a section, or quarter section, or smaller congressional division, as the case may be.

"It is further averred, that the plaintiff is the owner of the following described real estate in Washington and Johnson townships, in Ripley county, Indiana, and within two miles of said Versailles and Dillsboro Turnpike; that all the real estate within two miles of the said road had been by the viewers, in their pretended report, reported benefited, and which has been assessed for the purpose of paying the expense of said improvement and placed upon the proper duplicate of said county and State by the auditor of said county and State, to wit: The south half of south half of the northwest quarter of section 11, town. 7, range 10, containing forty acres; two hundred and ninety-three acres in the north half of section 15, town. 7, range 12, which is described in the report of the viewers and of the committee, as heretofore referred to, as part of the north half of section 15, town. 7, range 12; also, the southwest quarter of the southwest quarter of section 10, town. 7, range 12, forty acres; also, the west half of southwest quarter of section 10, town. 7, range 12, eighty acres. That the first described tract is assessed at the sum of $14, divided into ten semi-annual instalments; that the first instalment was past due and delinquent after the third Monday in April, 1886, and has not been paid; that to this has been added fourteen cents for interest and penalty, making amount claimed to be due on said first described parcel $1.54. That the second described parcel has been assessed with $308, divided into ten equal semi-annual instalments; that the first instalment was past due and delinquent after the third Monday in April, 1886, and has not been paid; there has been added penalty and

interest $3.08, making in all $33.88 upon said second described tract now due. That the third described tract has been assessed at the sum of $31, the same being divided into ten semi-annual instalments; that the first instalment was past due and delinquent after the third Monday in April, 1886, and has not been paid, and there has been added penalty and interest thirty-one cents, in all $3.41. That there has been assessed against the fourth described parcel $7.70, and that the same has been divided into ten semi-annual instalments, the first of which was past due and delinquent after the third Monday of April, 1886, and has not been paid; that there has been added seventy-seven cents interest and penalty, making in all now due $8.47. That all of said assessments have been placed upon the proper duplicate of the said county and State, which duplicate is now in the hands of the defendant Charles White, Jr., for collection, who is the duly elected and qualified treasurer of said county, and who is now acting as such. That he is threatening to collect the said assessment and taxes and penalty, now claimed to be due, and as they become due, and, if not restrained and enjoined, will collect the same by distress and sale of the plaintiff's property. That the same is a cloud on the plaintiff's aforesaid real estate. That the defendant Nicholas Cornet is the duly elected and qualified auditor of said county and State, and is acting as such. That he has already placed said tax upon the duplicate of the said county, and will continue to do the same unless restrained and enjoined. That the defendant board of commissioners has already ordered the auditor to place the tax on the duplicate, and will continue to order the said auditor to continue to place the instalments on the proper duplicate of said county and State unless restrained and enjoined from so doing. That they have ordered the treasurer to collect what is now due, and will continue to do so for the instalments as they fall due, unless restrained and enjoined from so doing. Wherefore plaintiff asks judgment that all of said defendants be

restrained and enjoined from ordering said tax to be collected and placing the same on the duplicate and from collecting the same; that the said tax be declared null and void, and for all other relief."

In the second paragraph of his complaint, plaintiff alleged substantially the same facts, and in almost the same order and phraseology, as in the first paragraph. The only difference between the two paragraphs we have been able to discover is, that it is alleged in such second paragraph that the board of commissioners came together in the auditor's office of the county of their own motion, to settle with outgoing township trustees, on the 14th day of April, 1884, without any notice, oral or written, from the auditor or from any other officer of the county authorized by law to give notice calling the board together in special session. Whereas it was alleged in the first paragraph of complaint, as we have seen, that the board came together in the auditor's office, on the day named, "with nothing but an oral notice from the auditor of said county."

In the third paragraph of his complaint, plaintiff alleged that, on April 14th, 1884, the members of the board of commissioners assembled in the county auditor's office and continued together from day to day until and including the 18th day of April, 1884; that, on the 17th day of that month, while the board were together as aforesaid, certain citizens of Ripley county, residing and owning land within two miles of the Versailles and Rising Sun State Road, being more than five in number, presented to such board a petition for the improvement of said State road, from Versailles east to the line dividing the counties of Ripley and Dearborn, by laying out, straightening, grading, draining, paving, gravelling or macadamizing said road; that such petition was accompanied by a bond signed by resident freeholders of such county; and that, on the presentation of such petition and bond, the county board, being in special session, caused the following record to be made, namely: Here follow the same

orders of the county board and substantially the same averments of fact as those which appear in the first paragraph of complaint.

Defendants' separate demurrers to each of the first and second paragraphs of plaintiff's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, were overruled by the court. These rulings were assigned as errors by each of the defendants; and, besides, each of the defendants has assigned here as error that the complaint, as an entirety, does not state facts sufficient to constitute a cause of action.

The fundamental question which is presented for decision by each of the paragraphs of plaintiff's complaint may be thus stated: Did the board of commissioners of Ripley county acquire jurisdiction of the petition which certain citizens of such county, residing and owning land within two miles of the Versailles and Rising Sun State Road, being more than five in number, presented to such board for the improvement of such State road? If this question must be answered in the affirmative, as we think it must, it is certain that plaintiff can not maintain this suit against the defendants, or either of them. It is manifest, from the matters stated and recited in each paragraph of the complaint, that the proceedings and orders which plaintiff sought to have annulled and declared void by the decree of the court below, were had and made by and before the board of commissioners of Ripley county, under and pursuant to the laws of this State authorizing boards of county commissioners to construct gravel, macadamized or paved roads upon petition, etc. Acts of 1877, p. 82; sections 5091 to 5114, R. S. 1881; Acts of 1885, p. 162.

The provisions of these statutes have often been the subject of full consideration by this court.

In *Million* v. *Board, etc.*, 89 Ind. 5, the court said: "We are of opinion that under the provisions of the aforesaid act of March 3d, 1877, the boards of commissioners of the sev-

eral counties in this State are clothed with original jurisdiction and required to exercise judicial powers and duties in relation to the location, establishment and construction of free gravel, macadamized or paved roads in their respective counties."

It is clear, therefore, that, in the matters complained of in the case in hand, the board of commissioners of Ripley county had jurisdiction of the subject-matter of the petition mentioned in each paragraph of plaintiff's complaint herein. But it is claimed that, on the 14th day of April, 1884, such board of commissioners were not in legal session, and, therefore, did not and could not acquire jurisdiction of the aforesaid petition.

In the first paragraph of the complaint it is alleged that the members of such board came together at the county auditor's office on April 14th, 1884, to settle with the outgoing trustees of the several townships, " with nothing but an oral notice from the auditor of said county." Plaintiff's counsel insist that the board of commissioners were not in legal session, because an oral notice from the county auditor was not sufficient to call the board together in special session; but such notice, counsel say, must be in writing. The statute does not require, however, that the notice of a special session of the county board must be in writing. Section 5738, R. S. 1881. " Notice shall be given," is the language of the statute. Webster thus defines notice: " Intelligence, by whatever means communicated; knowledge, given or received." Worcester's definition is substantially the same as Webster's.

In *Vinton* v. *Builders, etc., Ass'n,* 109 Ind. 351, it is said: " The rule is general that, unless otherwise provided by statute, a verbal notice will, in all cases, be as effective as a written notice, provided it conveys the necessary information between the proper parties, at or within the prescribed time."

In the case in hand we think that an oral notice to the

members of the county board of the special session was sufficient, under section 5738, *supra.*

In the second paragraph of his complaint, as we have seen, plaintiff alleged that the members of the county board came together at the auditor's office on the day named, of their own motion, to settle with the outgoing township trustees, without any notice, oral or written, from any officer authorized by law to give notice of the special session. Special sessions of the county boards may be called by certain county officers, in a specified order, " whenever the public interests require it." Section 5737, R. S. 1881. The notice of special sessions, provided for in the statute, is a notice not to the public, but to the individual members of the board.

In *Wilson* v. *Board, etc.,* 68 Ind. 507, in speaking of special sessions of the county board, the court said : " Whatever notice the auditor, or other acting county officer, may give of such special session, and however and whenever such notice may be served, it seems to us that these matters become and are unimportant and immaterial, if, pursuant to such notice so served, the board of commissioners actually meet at the time indicated therein in special session." See, also, *Jussen* v. *Board, etc.,* 95 Ind. 567, and *State, ex rel.,* v. *Board, etc.,* 104 Ind. 123.

We are of opinion that the second paragraph of complaint fails to show that the board of commissioners of Ripley county were not in legal session on the 14th day of April, 1884 ; and it does not even attempt to show that such board was not in legal session on the 17th day of April, 1884, the day on which the proceedings in controversy herein were commenced, by the presentation to such board of the petition and bond mentioned in each paragraph of such complaint.

It is not claimed in the third paragraph of complaint, but, on the contrary, it is apparently conceded therein, that such board was lawfully in session at the time of the presentation of such petition. When the board of commissioners is once lawfully convened in special session, no matter on what ac-

count or for what purpose, we are of opinion that the board, at such session, may lawfully entertain and act upon any business, matter or thing, administrative, corporate or judicial, which may be presented during such session for consideration and decision, where notice is not required by law to be given previous to the action of the board. When, therefore, the petition for the improvement of the Versailles and Rising Sun State Road, and the required bond, were presented to the board of commissioners of Ripley county, lawfully convened in special session, on the 17th day of April, 1884, it was entirely competent for such board, under the provisions of the aforesaid act of March 3d, 1877, without any previous notice to any party interested, to take immediate cognizance of such petition, and then and there, pursuant to the requirements of section 5092, R. S. 1881, to appoint viewers and a competent surveyor or engineer, and fix the time and place of their meeting. These things the statute imperatively requires the county board to do, upon the presentation of such a petition; and it is shown in each paragraph of the complaint herein that these things were done, and nothing more was attempted to be done by the Ripley county board, in special session, on April 17th, 1884.

We are of opinion, therefore, that the plaintiff has wholly failed to show by the averments of his complaint, or any paragraph thereof, that the board of commissioners of Ripley county, at its special session on April 17th, 1884, did not acquire full and complete jurisdiction of the subject-matter of the petition mentioned in such complaint. In the absence of averment to the contrary, we would be bound to assume, even if it did not so appear, that the auditor of Ripley county, in the discharge of his plain statutory duty, gave the notices provided for in section 5092, *supra,* in the manner prescribed therein; and that the county board thus acquired full and complete jurisdiction of the persons of all the parties interested in the proposed improvement, and especially of the plaintiff herein. If the plaintiff felt him-

self aggrieved by any of the subsequent orders or proceedings by or before the county board, in the prosecution of the proposed improvement, our laws gave him a complete and adequate remedy for his grievances by providing for an appeal from such orders or proceedings to the circuit court of the county.

In his complaint herein, and in each paragraph thereof, which were filed more than two years after the filing of the petition mentioned therein, and, as we may well suppose, after the proposed improvement was about completed, the plaintiff makes a collateral attack upon the validity of the orders and proceedings of the county board, of which he complains. This suit can not be maintained; for, however erroneous such orders and proceedings may have been, they were not void. Every reasonable presumption must be indulged here in the case under consideration, as in other cases of collateral attack, in the absence of averments clearly showing that the county board had no jurisdiction of the matters complained of or of the parties thereto, in favor of the validity of the orders and proceedings of such board. *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486; *Walker* v. *Hill,* 111 Ind. 223; *Ely* v. *Board, etc.,* 112 Ind. 361; *Prezinger* v. *Harness, ante,* p. 491.

The complaint in this case, and each paragraph thereof, were clearly insufficient, we think, whether challenged by demurrer below, or by an assignment of error for the first time in this court. We need not now consider the other errors complained of.

The judgment is reversed, with costs, etc.

Filed March 29, 1888; petition for a rehearing overruled June 19, 1888.