No. 15,436.

THE BOARD OF COMMISSIONERS OF CARROLL COUNTY ET AL.
*v.* JUSTICE ET AL.

<table>
<tr><td>133</td><td>89</td></tr>
<tr><td>143</td><td>521</td></tr>
<tr><td>133</td><td>89</td></tr>
<tr><td>153</td><td>258</td></tr>
<tr><td>133</td><td>89</td></tr>
<tr><td>155</td><td>495</td></tr>
<tr><td>133</td><td>89</td></tr>
<tr><td>167</td><td>82</td></tr>
</table>

GRAVEL ROAD.—*Free.*—*Inducements to Sign Petition.*—*Injury from.*—*Rem-
edy.*—*When Precluded.*—Where a free gravel road is sought to be estab-
lished, and inducements are held out by certain petitioners to influence
others to sign the petition, and the latter are harmed by such induce-
ments, they should seek redress by objecting to the sufficiency of the
petition before it is passed upon by the board of commissioners, and
failing to do so, if the adjudication was effectual, they are precluded by
the judgment.

SAME.—*Preliminary Survey and Report.*—*Bond to Secure Costs.*—*Approval of.*—
*Ministerial Act.*—The act of approving a bond to secure the expense of a
preliminary survey and report, in establishing a free gravel road, is a
mere ministerial act, and the fact that one of the commissioners acting
in such approval was a petitioner and interested party did not amount to
error.

SAME:—*Judicial Act of Board.*—*Acting Member Disqualified.*—*Judgment
Voidable.*—*Presumption as to Notice.*—*Collateral Attack.*—The action of a
board of commissioners, in passing upon the sufficiency of the petition
and appointing the viewers and surveyor, is a judicial one, and the par-
ticipation of a commissioner disqualified by interest or otherwise makes
the judgment voidable; and the statute having provided for notice, it
will be presumed, in a collateral attack, that such notice has been given,
and an opportunity to appeal afforded the parties adversely affected, and
the board of commissioners having acquired jurisdiction both of the sub-

ject matter and the person, the proceedings are not subject to a collateral attack by injunction or otherwise. If, however, there was no provision for notice, or opportunity given to appeal, injunction would be the proper remedy.

JUDGMENT.—*Action to Set Aside.*—*Facts Affecting Such Action.*—When an action is brought to declare a judgment a nullity, the fact that the greater portion of the members of the court were disinterested, and, also, that a large number of parties litigant, other than such disqualified judge or judges, were interested in and would be affected by such judgment, is not without weight.

From the Carroll Circuit Court.

*W. C. Smith, J. H. Gould* and *G. R. Eldridge,* for appellants.

*D. C. Justice, Q. A. Myers* and *J. C. Nelson,* for appellees.

MILLER, J.—This action was brought by the appellees, in the Carroll Circuit Court, to declare void the proceedings of the board of commissioners of that county for the establishment of a free gravel road, and to enjoin the placing of assessments against their lands for its construction.

The improvement sought to be enjoined was being made under the act of March 3, 1877. (Section 5091, *et seq.,* R. S. 1881.)

The complaint proceeds upon two grounds:

*First.* That some of the land owners who signed the petition for the making of the improvement were induced to do so by false representations and false promises as to the amount which would be assessed against their lands, and by promises by one John G. Cornell that he would pay all that their lands were assessed above a fixed amount.

*Second.* That the proceedings before the board of county commissioners are void, because John G. Cornell, one of the county commissioners, was one of the petitioners, owned lands within two miles of the proposed road, which were subject to assessment for its construction,

and was, also, related by blood and marriage to certain other named petitioners and interested parties; and, being so disqualified, acted with the board of commissioners in certain proceedings relating to the making of the improvement.

Taking these questions in their order, if it be admitted that the appellees were harmed by the inducements held out to influence other land owners to sign the petition, they should have made the objection before the sufficiency of the petition was established by the adjudication of the board of commissioners. Not having done so, if that adjudication was effectual, they are precluded by that judgment. *Osborn* v. *Sutton*, 108 Ind. 443; *Million* v. *Board, etc.*, 89 Ind. 5; *White* v. *Fleming*, 114 Ind. 560; *Loesnitz* v. *Seelinger*, 127 Ind. 422.

The other proposition presents a question of more difficulty.

The complaint charges that Cornell and others filed their petition with the auditor of the county for the construction of the gravel road, together with a bond payable to the board of commissioners, by which they agreed to pay the costs and expenses of the preliminary survey and report, in case the proposed road was not finally ordered by the board; that at the June term of the commissioners' court the bond was accepted and approved, Cornell acting with the other commissioners; that on the succeeding day of the term, Cornell again acting with them, the board of commissioners heard proofs upon the petition, and made findings of fact thereon, appointed three viewers and an engineer to view, examine, and lay out the proposed free gravel road, to make assessments of damages, and to determine upon the public utility thereof, and to ascertain the lands which were liable to be assessed for the improvements. The auditor was also ordered to give the viewers and surveyor notice of the time and place fixed for their meeting, as well as the notice re-

quired by publication in some newspaper; that afterwards the viewers and surveyor made their report, and the board of commissioners, at their December term, Cornell being absent and not acting, approved the report, and made an order declaring the improvement to be of public utility, and appointing three disinterested freeholders to make an assessment upon the lands for the amount of the estimated cost thereof; that afterwards the assessors made their report to the county auditor who gave notice, by publication, of the time when the commissioners would meet at his office to hear the same; that on the day named the board met, Cornell acting with them, heard the report, confirmed the assessment, and ordered it put upon the duplicate for collection.

Taking up the questions presented by the action of the board of commissioners, in the order of their occurrence, we find that the first action complained of was the approval of the bond of the freeholders, securing the expense of the preliminary survey and report. The condition of the bond being fixed by statute, and no action being required to fix the amount of penalty, nothing remained to be determined but the sufficiency of the obligors. This was a ministerial act, such as a clerk or sheriff, possessing no judicial functions, may perform. *Gregory* v. *State*, 94 Ind. 384; *Gulick* v. *New*, 14 Ind. 93; *Votaw* v. *State*, 12 Ind. 497; *State* v. *Winninger*, 81 Ind. 51.

While it would have been proper for the member of the board of commissioners, interested in the matter before them, to have absented himself when action was taken upon the approval of the bond, it was not error to remain and act.

The next action taken by the board was entertaining the petition, and making the order appointing the viewers and surveyor. In construing this section 5092, this court, in *Million* v. *Board, etc.*, 89 Ind. 5, said:

" The presentation of this petition called into exercise

the jurisdiction of the county board, and required the board to determine the question of the sufficiency of the petition, in form and substance, and whether or not such petition was signed by the requisite number of landholders, whose lands would be assessed for the cost of the proposed improvement, and every other fact, precedent or concurrent, necessary to the granting of the prayer of the petition." To the same effect, we cite *Stoddard* v. *Johnson*, 75 Ind. 20; *McEneney* v. *Town of Sullivan*, 125 Ind. 407; *Loesnitz* v. *Seelinger, supra.*

The conclusion seems irresistible that action of the board was judicial, and not merely ministerial.

The maxim, that no man should be a judge in his own case, is so well established, both in reason and by authority, that it needs neither argument nor the citation of adjudged cases in its support. The effect to be given an adjudication rendered by a disqualified tribunal is another and a more troublesome question.

A judgment rendered by a court where the judge is disqualified must, necessarily, be either void or voidable. If void, it may be disregarded and treated as if it had never been rendered. It would be no protection to officers acting under it. If, on the contrary, such a judgment is not void, but merely voidable, it will protect persons lawfully acting under it, and will be given full force and effect as a valid and subsisting judgment, until reversed or set aside on appeal, or other appropriate method of direct attack.

The decided weight of authority seems to establish the proposition, that, at common law, the acts of a disqualified judge are not mere nullities; they are liable to be avoided or reversed on proper application, but can not be impeached collaterally. *Dimes* v. *Grand Junction Canal*, 3 H. L. Cas. 759, (785); *State* v. *Moses*, 36 N. J. L. 394; *Fowler* v. *Brooks*, 64 N. H. 423, S. C. 13 Atl. Rep. 417; *Trawick* v. *Trawick's Adm'rs*, 67 Ala. 271; *Moses* v.

*Julian*, 45 N. H 52; *Rogers* v. *Felker*, 77 Ga. 46; *Hine* v. *Hussey*, 45 Ala. 496, (513.) 1 Black on Judgments, section 174; Freeman on Judgments, section 145; Wells on Jurisdiction, section 172.

In many of the cases cited as sustaining the proposition that judgments rendered by a disqualified tribunal are void, it will be found, upon examination, that the judgments so rendered were attacked on appeal, and the language must be construed as applicable to the case before the court. *Peninsular R. W. Co.* v. *Howard*, 20 Mich. 18; *Gregory* v. *Cleveland etc. R. R. Co.*, 4 Ohio St. 675. In many States statutes have been passed which prohibit judges disqualified by interest or relationship from acting in certain cases. Under these statutes, it has usually been held that judgments rendered in contravention of statute are not simply voidable, but void. Black on Judgments, section 174, and cases cited; *Templeton* v. *Giddings*, 12 S. W. Rep. (Tex.) 851; *Frevert* v. *Swift*, 19 Nev. 363.

We do not hold that a case might not arise where a judgment rendered by a sole judge might not be absolutely void; such, for instance, as one granting himself a divorce from his wife.

While it has been held that if incompetent magistrates or judges composing a court sat at the hearing, a judgment rendered by the court should be quashed or set aside. *Peninsular R. W. Co.* v. *Howard, supra; Queen* v. *Justices, etc.*, 6 Q. B. 753. We are of the opinion that in an action brought to declare such judgment a nullity, the fact that the major portion of the members of the court were disinterested is not without weight; and, also, the fact that a large number of parties litigant, other than such disqualified judge, were interested in and would be affected by such judgment.

It will be presumed in a collateral attack, such as this, and especially in the absence of an averment to the con-

trary, that the county auditor gave the notice required by section 5092, R. S. 1881., of the time and place of meeting of the viewers; (*White* v. *Fleming*, 114 Ind. 560), and it appears from an exhibit of the complaint that the notice required by section 5096, R. S. 1881, was given. This gave the appellees, and all other land owners interested, an opportunity to appeal to the Circuit court, in which the proceedings taken before the board of commissioners might have been reviewed before a duly constituted and impartial tribunal. *White* v. *Fleming*, *supra*; *Markley* v. *Rudy*, 115 Ind. 533; *Fleming* v. *Hight*, 101 Ind. 466; *Wilkinson* v. *Lemasters*, 122 Ind. 82; *Board, etc.*, v. *Fullen*, 118 Ind. 158.

If no provision had been made in the statute for notice to the land owners affected, at some stage of the proceedings, or opportunity given by appeal, of having their causes tried by a duly constituted and impartial tribunal, the remedy by injunction would doubtless be open to the appellees. *McEneney* v. *Town of Sullivan*, *supra*; *Bass* v. *City of Ft. Wayne*, 121 Ind. 389; *Updegraff* v. *Palmer*, 107 Ind. 181; *Forsythe* v. *Kreuter*, 100 Ind. 27. In *Osborn* v. *Sutton*, *supra*, it was held that an objection to the competency of an assessment committee must be made at the time the committee is appointed, or within a reasonable time thereafter.

In *Bradley* v. *City of Frankfort*, 99 Ind. 417, a commissioner to assess damages to property affected by the opening of a street was related to one who was financially interested in having it opened It was held that one served with notice of the meeting of the commissioners before the assessment against his property, and of the incompetency of the commissioner, must then and there make the objection, or it will be deemed waived.

The general rule to be deduced from these and similar cases is that where the board of county commissioners has jurisdiction of the subject matter, and has acquired

jurisdiction of the person, by giving the required notice,. and an opportunity by appeal, is given of having a trial by an impartial tribunal, the proceedings are not subject to a collateral attack by injunction or otherwise.

This being a joint action by several land owners, the complaint is not aided by section 5102. In *Stoddard* v. *Johnson, supra,* it was held that was only applicable to suits brought by single individuals, or by individuals. having a single interest, where a judgment could be rendered "without affecting the rights or liabilities of other parties in interest."

We are satisfied that the court erred in overruling the demurrer to the complaint.

A demurrer was sustained to an answer which set forth the subsequent proceedings taken by the board in relation to this improvement. What we have said in discussing the ruling of the court on the demurrer to the complaint renders it unnecessary to set out the answer. The same principles of law require us to hold that the court erred in sustaining the demurrer to the answer.

Judgment reversed.

Filed April 22, 1892; petition for a rehearing overruled December 20, 1892.