John L. Pool v. Carlos D. Horton et al.

*Foreclosure of mortgage subject to interests of strangers—Grantee's consent to substitution of mortgage—Non-appearance of persons wrongly impleaded—Costs as to non-appellant.*

Where a mortgage is made subject to a life estate already vested in a third person, or where a third person had an undivided interest in the property before the mortgage is given, a foreclosure bill should be dismissed as to him.

Where a purchase-money mortgage contains a stipulation that it shall be "null and void" unless a certain other mortgage, already given by

the vendor upon the same property, shall be discharged, the provision is for the benefit of the vendees who give the purchase-money mort-gage, and if they do not insist upon it, the mortgagee in the prior mortgage cannot.

The mortgagers of property deeded it, and afterwards gave a new mort-gage in place of the former one for the purpose of correcting an error of description.  The consent of the grantees to the execution of the later mortgage was attached thereto in writing, but was signed by only one, the name of the other being added "by his attorney in fact." *Held*, that the giving of consent by the one who signed was equivalent to uniting in the mortgage, and bound his interest and that of any one claiming under him to the extent to which his interest was encumbered by this consent; but that the other's interest was not bound, as the deed antedated the later mortgage to the execution of which it did not sufficiently appear that he had assented

Where complainant's own showing proves that a person impleaded as defendant is not a proper party, he will be relieved from liability even though he did not appeal and defend.

Costs are not awarded to a party who does not appeal from a decree even where it is modified in his favor.

Appeal from St. Clair.  Submitted Jan. 20.  Decided Jan. 26.

FORECLOSURE.   Defendants appeal.   Decree modified

*Brown & Farrand* for complainant.

*A. E. Chadwick* and *O'Brien J. Atkinson* for defendants.

COOLEY, J.   On the 18th day of January, 1875, Carlos D. Horton, in order to secure the payment of promissory notes amounting in all to $2950, gave a mortgage to Herbert W. Pool upon lands in the city of Port Huron described as fol-lows : The undivided one-half of the undivided one-quarter of lots number one, two and three, east of Commercial street, and eleven, twelve, thirteen and fourteen south of Quay street, all of Thorn's plat, and the undivided half of lot five, in block one hundred, and of a part of lot five, of block one hundred and six, both of White's plat, being the so-called homestead on Water street.   The mortgage contained a pro-vision that it was "subject to the life use and interest in said property of Rebecca Horton, mother of Carlos D. Horton,

and in no event to be foreclosed until the termination of such life estate."

On the fifteenth day of October following, Rebecca Horton, Carlos D. Horton and Ettie M. Beard, the first having her life estate as above, and the last being owner of an undivided one-eighth subject to said life estate, and having been such owner previous to the giving of the mortgage to Pool, joined in a deed to William B. Hibbard and John Hibbard of lands in Port Huron aforesaid described as follows: The undivided one-fourth of lots ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen and eighteen, south of Quay street, and lot one, east side of Commercial street, on Thorn's plat. On January 10th following, the Hibbards gave back to the grantors what seems to have been intended as a purchase-money mortgage for $2800, but with the following stipulation contained therein :

" It is also agreed by Carlos D. Horton, one of said second parties, that he will pay off and obtain a release of a certain mortgage this day executed to one Herbert W. Pool upon the interest of him, said Carlos D. Horton, in the above-described lots, for the sum of two thousand nine hundred and fifty dollars, it being further agreed that this mortgage is to be null and void unless the Pool mortgage is discharged to the extent of the notes herewith given, on or before the maturing of notes collateral hereto." A further clause was as follows: " This mortgage being given for a part of the purchase money on premises described, and in place of one dated October 15, 1875, and to correct a mistake therein."

The mortgage mentioned in the above stipulation was given, as there indicated, on the tenth day of January, 1876, by Carlos D. Horton to Herbert W. Pool, to secure the same debt specified in the first mortgage above described, and the premises are described therein as follows: The undivided one-half of the undivided one-quarter of lot number one east of Commercial street, and lots number ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen and eighteen south of Quay street, all of Thorn's plat; the undivided one-half of lot number five of block one hundred and a part of

lot number five of block one hundred and six of White's plat, being the Horton homestead on Water street, all in the city of Port Huron—"this mortgage being given to take the place of one for a like sum between said parties, dated January 18, 1875, in which there was an erroneous description." The mortgage was payable in five annual payments of $590 each, the first to be made January 18, 1876. Annexed to it was the following:

"We hereby consent to and authorize the execution of the within. and attached mortgage, the same being for the correction of an error in one bearing date January 18, 1875.

JOHN HIBBARD [L. s.]
W. B. HIBBARD [L. s.]
By his attorney in fact."

The execution of this consent was acknowledged by John Hibbard, but neither proved nor acknowledged as to W B. Hibbard. The mortgage—with, we suppose, this attached paper also—was recorded January 11, 1876. The deed to the Hibbards and the mortgage from the Hibbards to Carlos D. Horton, Rebecca Horton and Ettie M. Beard had been previously recorded. The mortgage by Carlos D. Horton to Herbert W. Pool, given January 18, 1875, was discharged when that of January 10, 1876, was executed.

This suit is instituted to foreclose the mortgage of January 10, 1876, from Carlos D. Horton to Herbert W. Pool of whom complainant is assignee. The bill is in the main an ordinary foreclosure bill, but it sets forth that the mortgage it seeks to foreclose was given in the place of a former mortgage, in which the premises intended to be mortgaged were incorrectly described; it mentions the conveyance of Carlos D. Horton to the Hibbards, and avers that said Carlos D. Horton thereby "conveyed said lots described as being in Thorn's plat" to said Hibbards, but is silent about his mother and Ettie M. Beard having conveyed anything thereby, and not in that connection mentioning them except as a copy of the deed is attached; it avers further that in order that said mortgage might have priority of the conveyance to the Hibbards, and be a lien on the lots previously conveyed

to them, the Hibbards consented in writing to the giving of the same upon said lots, and thereby made complainant's mortgage "an equitable mortgage, and gave the mortgagee therein named and his heirs and assigns, an equitable lien upon all the property therein described;" it refers to the mortgage of the Hibbards to Carlos D. Horton, Rebecca Horton and Ettie M. Beard, and prays that it may be taken as a part of the bill of complaint, and without any further special allegations whatsoever, it makes the First National Bank of Port Huron, Samuel H. Crowl, Albert H. Harmon, John Hibbard, William B. Hibbard, Rebecca Horton and Ettie M. Beard defendants, as having or claiming rights or interests in the mortgaged premises, or in some part or parts thereof, as subsequent purchasers or incumbrancers or otherwise.

Crowl, Harmon and William B. Hibbard made no defence. The others all appeared and made defence by solicitors. In addition to the facts above recited, and which were undisputed, it appeared that the mortgage given by the Hibbards to Carlos and Rebecca Horton and Ettie M. Beard had been foreclosed and the premises mortgaged thereby bid in by the mortgagees. Also that the First National Bank of Port Huron was mortgagee of the Hibbards of lots ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen and eighteen south of Quay street, and of lots one, two and three east of Commercial street, together with other lots, by mortgage dated February 10, 1876, and duly recorded the same day    The bill was filed February 13, 1879.

The usual decree of foreclosure and sale was made against all the defendants April 27, 1880. It seems obvious from the facts above recited that the decree is erroneous in several particulars.

1. The interests of Rebecca Horton and Ettie M. Beard were not subject to this mortgage, but were paramount, and the bill as to them should have been dismissed. Their original titles antedated both the Pool mortgages. Their mortgage from the Hibbards antedated the mortgage the bill was filed to foreclose and was duly recorded. Complain-

ant relies upon a provision therein making it "null and void" unless the Pool mortgage was discharged, but this was a provision for the benefit of the Hibbards themselves, and for some reason they appear not to have relied upon it when their mortgage was foreclosed. There may have been good reasons for this with which no one else was concerned.

2. The interests of William B. Hibbard and of the First National Bank of Port Huron, so far as it was derived from him, were not subject to this mortgage. His deed preceded this mortgage, and it does not appear that he ever assented to the mortgage being given. William B. Hibbard, it is true, did not appear and defend, but this is immaterial as complainant's own showing establishes the fact that he was not a proper party to the suit.

3. The giving of consent by John Hibbard in the manner he did we think was equivalent in legal effect to uniting in the mortgage, and his interest is therefore bound. The bank is also bound to the extent that the interest mortgaged by him to the bank had been previously encumbered by this consent. In other respects the decree appears to be unobjectionable.

The conclusion is that the decree must be reversed as to the defendants Rebecca Horton and Ettie M. Beard, and the bill dismissed with costs of both courts. It must be modified as to the First National Bank of Port Huron by striking out the name of William B. Hibbard as a party and by providing for the protection of such interest as the bank derives through him. The bank not having appealed will recover no costs of this court, and no costs will be awarded either for or against it in the court below. As to Carlos D. Horton the decree will be affirmed with costs.

The other Justices concurred.