49 505
79 644

## CHARLES WEST ET AL. v. B. E. WHEELER.

*Promissory note—Judge disqualified by interest as indorsee.*

Suit upon a promissory note cannot be brought before a justice of the peace to whom it has been indorsed for collection, as he thereby becomes the plaintiff's agent therefor

Error to Hillsdale. Submitted Oct. 19. Decided Oct. 31.

Assumpsit. Defendant brings error. Reversed.

*J. L. O'Mealey* and *C. A. Stacy* for appellant. A juror cannot sit in a case in which he is interested : *Peninsular Ry. Co. v. Howard* 20 Mich. 18; *Stockwell v. White Lake* 22 Mich. 341; *Mich. Air Line Ry. v. Barnes* 44 Mich. 222; *People v. Montcalm Circ. Judge* 41 Mich. 550; an indorsement for collection carries the legal title to the collecting agent (*Boyd v. Corbitt* 37 Mich. 52) in trust: *Moore v. Hall* 48 Mich. 143.

*Millard, Weaver & Weaver* for appellee. The indorsement of a note for collection merely creates an agency and does not vest any interest or legal title in the indorsee: *Manhattan Co. v. ⸢Reynolds* 2 Hill 140 ; *Wood v. Tyson* 13 La. Ann. 104 ; *Smith v. McManus* 7 Yerg. 477 ; *Dugan v. United States* 3 Wheat. 172 ; *Dollfus v. Frosch* 1 Den. 367 ; *Barker v. Prentiss* 6 Mass. 430 ; *Bank of Utica v. Smith* 18 Johns. 230 ; Story Prom. Notes (5th ed.), § 120 *a*.

GRAVES, C. J. Volney Reynolds, a justice of the peace, gave judgment in the plaintiffs' favor against the defendant on a promissory note and the circuit court affirmed the judgment on certiorari and the defendant brought error.

The case was in substance this: The plaintiffs held what purported to be a promissory note made by the defendant and payable to their order and they caused it to be left with the justice for collection under their indorsement made in these terms: "*Pay Volney Reynolds, J. P., or order, for collection;*" and the justice began the suit before himself on the note. The plaintiffs by a person acting as their attorney declared on the note and the defendant pleaded the general issue, but subsequently objected that the justice had no jurisdiction because of his being indorsee. The justice overruled the point and proceeded with the cause.

A trial followed and without any change in the indorsement or in its legal significance the justice gave judgment on the note in favor of the plaintiffs as before mentioned. The good faith of the justice is not doubted. But the question is whether he was qualified to go on against the objection raised and render judgment on the note.

My brethren are of opinion that it was the legal import of the facts that the justice was the plaintiffs' agent for the collection of the note and so continued (*M'Minn v. Richtmyer* 3 Hill 236), and that being their legal agent therein he could not at the same time and in relation to the same matter act also as justice of the peace; that the characters were not compatible.

The result is that both judgments below must be reversed with the costs of all the courts.

The other Justices concurred.