PHŒBE MOON v. ANDREW J. STEVENS.

*Justice of the peace—Disqualifying interest.*

A justice to whom a claim has been sent for collection with instructions that it is not to be sued until he has notified defendant that it will be sued if not paid, is not thereby disqualified from hearing the case, as an interested party, even though he is to be compensated whether suit is brought or not.

Case made after judgment from Ingham.   (Gridley, J.) February 6.—March 6.

Assumpsit.   Defendant had judgment.   Reversed.

*Smith & York* for plaintiff appellant.   The interest which disqualifies a judge must be pecuniary: *Cottle v. Appellant &c.* 5 Pick. 483 ; *Holyoke v. Haskins* id. 20 ; *Coffin v. Cottle* 9 Pick. 287 ; *Sigourney v. Sibley* 21 Pick. 101.

*Huntington & Henderson* and *E. D. Lewis* for defendant. An agent for the collection of a claim is disqualified from acting judicially: Cooley's Const. Lim. 512–517 ; *West v. Wheeler* 49 Mich. 505 ; *Peninsular Ry. Co. v. Howard* 20 Mich. 18 ; *Darling v. Pierce* 15 Hun 542.

CAMPBELL, J.   In this case plaintiff sued defendant on an account for services, before William H. McEnally, a justice of the peace of Ingham county, and recovered judgment for $28.88, damages and costs.   Defendant pleaded in abatement that the justice was interested, and on issue joined to

this plea, it was decided against him, and he appealed to the circuit court, where, upon a stipulated statement of facts, the plea was sustained and judgment given for defendant. The case now comes up on error.

These facts show simply that the plaintiff sent the claim to the justice to be sued, but no suit to be commenced until he had written defendant that the claim was left with him for collection, to be sued if not paid. There was no other arrangement, but the case states that the justice expected compensation if he collected the claim without suit, and plaintiff expected to pay in such case, but there was no understanding on the subject.

We do not see that this case differed in any way from the usual practice of sending claims to a justice for suit. The practice of giving a defendant an opportunity to pay without suit is a fair and proper one, and not, in our opinion, beyond the legitimate functions of such an officer. The statute provides expressly that, if a justice has advised with plaintiff, defendant may remove the cause to another justice on affidavit of that fact, as he may on affidavit that the justice is a material witness. Comp. L. § 5372. In the present case defendant did not make any such affidavit, although he swore to his plea in abatement, which was based entirely on the receipt from the justice of the letter before referred to. It is certainly a little singular that with or before such a plea, concerning which the justice might at least have been an important witness, defendant took no steps to have his case heard before some other justice.

Both parties seem to rely on *West v. Wheeler* 49 Mich. 505, as sustaining their respective views. In that case the note in suit had been endorsed and made payable to the justice or to his order for collection, and this endorsement was not canceled. As it had been held by this Court previously that an endorsement for collection was as effectual to pass the legal title as any other, the justice there was not merely an agent of the plaintiff to collect, but he was an agent holding the actual title to the note sued on. There

could be no doubt of the legal interest of the holder of the title.

The present case involves no such conditions. The justice had no interest whatever in the claim sued on, and was not, so far as there is any showing, disqualified by any advice or interference such as is contemplated by the statute.

The judgment should be reversed, and judgment given for plaintiff in accordance with the determination of the justice, with costs of both courts.

The other Justices concurred.