REBECCA HORTON v. HENRY HOWARD AND ANTOINE MARONTATE.

[See 45 Mich. 404.]

*Disqualification of circuit judge—Jurisdiction—Decree—Collateral attack—Estoppel.*

1. How. Stat. § 7245, disqualifies a circuit judge who is a nephew of one of three complainants, and a cousin of the other two, by marriage, from sitting in the cause, or signing a decree therein.

   So *held,* where a *pro confesso* foreclosure decree, based upon the commissioner's report of amount due, was signed by a circuit judge thus disqualified.

2. A judgment or decree rendered by a judge who is disqualified to sit in the case by reason of relationship to one of the parties is void, and may be attacked collaterally. *Railway Co. v. Howard,* 20 Mich. 25; *Stockwell v. Board,* 22 Id. 349; *Shannon v. Smith,* 31 Id. 452; *West v. Wheeler,* 49 Id. 505.

3. A party against whom a judgment or decree has been rendered by a judge who was disqualified by reason of relationship to the adverse party, and who has not appeared or consented to such action, is not estopped from questioning its validity, nor need he make such contest by appealing from said decree.

4. The grantee of a purchaser at a foreclosure sale under a decree which was void by reason of the disqualification of the circuit judge who signed it, who does not rely upon such title, but secures deeds from purchasers at sales under subsequent mortgages, is not estopped from questioning the validity of the decree.

Error to St. Clair.   (Canfield, J.)   Argued January 14, 1890.   Decided April 11, 1890.

Ejectment.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*Chadwick & Wood,* for appellant.

*Atkinson, Vance & Wolcott (H. W. Stevens,* of counsel), for defendants.

CHAMPLIN, C. J. The plaintiff brings ejectment.   The parties claim title from a common source.

The plaintiff claims title to an undivided one-eighth of certain premises through a deed executed on a foreclosure of a mortgage, upon the premises in question pursuant to a decree of the circuit court for the county of St. Clair, in chancery.   In this suit for foreclosure the complainants were Rebecca Horton, Carlos D. Horton, and Etta M. Beard, and John Hibbard, William B. Hibbard, and others were defendants.   The bill was taken as confessed against the Hibbards for want of appearance.   The circuit court was presided over and the final decree signed by Hon. Edward W. Harris, circuit judge.

The claim is now made that the decree is void on account of the relationship of the circuit judge to the complainants in the cause, which was as follows: The wife of Judge Harris was at the time the decree was signed a niece of Rebecca Horton.   Said Rebecca Horton and the father of Judge Harris' wife were sister and brother.   The judge was cousin by marriage of said Carlos D. Horton and Etta M. Beard, who were children of Rebecca Horton.   Such relationship was known to said parties at the time of rendition of the decree.

How. Stat. § 7245, enacts:

"No judge of any court can sit as such in any cause in which he is a party, or in which he is interested, or

in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties."

This statute, mandatory in its terms, voices the universal sentiment of mankind excluding judges from sitting in cases where they are parties or are interested. It extends and applies the prohibition of the common law, relative to jurors sitting in cases of kinship or affinity by marriage, to judges, and disqualifies them within the prohibited degrees, which at the common law have been held to extend to the ninth. It will not be necessary, under the record in this case, to discuss the exceptions which some courts hold to exist from necessity. The circuit judge was a nephew by marriage of one of the complainants, and a cousin of the other two, and was disqualified from sitting in the cause or signing a decree therein.

The next question is whether the decree is void, or merely voidable. No judge can sit in his own cause. Should he do so, a decree rendered by him in his own favor would be utterly void. If he cannot sit, his seat in a judicial sense is vacant, and his acts are without judicial sanction. The inhibition of the statute is the same where he is related to a party to a cause, and the result is the same. The authorities are numerous, and nearly uniform, which hold that a judgment or decree rendered by a judge contrary to a statute like ours is void, and may be attacked collaterally. *Foot v. Morgan*, 1 Hill, 654; *Oakley v. Aspinwall*, 3 N. Y. 547; *Estate of White*, 37 Cal. 192; *Chambers v. Hodges*, 23 Tex. 104; *Fechheimer v. Washington*, 77 Ind. 366; *Hall v. Thayer*, 105 Mass. 219; *In re Ryers*, 72 N. Y. 1; *In re Manufacturing Co.*, 77 Id. 101, *Railway Co. v. Howard*, 20 Mich. 25; *Stockwell v. Board*, 22 Id. 349; *Shannon v. Smith*, 31 Id. 452; *West v. Wheeler*, 49 Id. 505 (13 N. W. Rep. 836).

Nothing can be claimed by way of estoppel where the party against whom the judgment has been rendered or

decree pronounced has neither appeared nor consented to the exercise of judicial functions by the disqualified judge.

Neither was the decree validated by the incidental mention of the rights of the parties to the mortgage foreclosed in the case of *Pool v. Horton*, 45 Mich. 404 (8 N. W. Rep. 59). It is true that the opinion states the *fact* of the foreclosure of the mortgage by Rebecca Horton, Carlos D. Horton, and Etta M. Beard, but the *validity* of that foreclosure was not in issue, and the priority of their rights was not made to depend upon the foreclosure, but upon the date of their mortgage, and their equitable rights under it.

It appears from the findings of fact that a sale was made under the foreclosure decree questioned here, on July 21, 1879; and the premises, being an undivided one-fourth part, were bid in by the complainants Rebecca Horton and Etta M. Beard, and conveyed to them jointly by commissioner's deed; and it further appears that defendant Howard became a purchaser at foreclosure sales of two other mortgages, covering the property in dispute, but both of which were subject to the mortgage under which the plaintiff claims. He also purchased of the First National Bank its claim acquired through a foreclosure sale upon a mortgage which was also subsequent and subject to the mortgage under which plaintiff claims. The defendant made his first purchase under the sale upon the Pool mortgage on May 13, 1881, and before making the other purchases; and on October 4, 1881, he purchased from Etta M. Beard an undivided one-eighth of the premises in question. The only claim that Etta M. Beard had to the premises was that arising out of the mortgage before spoken of, and the proceedings to foreclose it, and in which the decree of foreclosure is attacked.

It is claimed by the plaintiff's counsel that by purchasing the interest conveyed to Etta M. Beard by the commissioner's deed of date July 21, 1879, the defendant has assented to its validity, and cannot now be heard to question its binding force. But it does not appear that he has ever asserted any rights under this purchase relying upon the validity of the deed from Etta M. Beard. On the contrary, he does not appear to have considered it of any efficacy, for, after such purchase, the record shows that he purchased from the bank and from Smith these same premises obtained by them upon foreclosure of subsequent mortgages, and which he need not have done if the decree under which Etta M. Beard obtained her deed was valid. I do not think, in view of all the facts, that this purchase from Etta M. Beard, and receiving a deed from her, estops him from questioning the validity of the decree.

The defendant entered into possession of the land in controversy in 1879, under an agreement with the bank, which held a deed given on foreclosure, dated June 14, 1879, and has continued in possession since, and his possession and claim of title has been open and hostile to the claim of plaintiff ever since; so that it cannot be said that he is chargeable with delay in asserting the invalidity of the plaintiff's claim. If any laches is imputable, it is to the plaintiff, rather than the defendants.

It is furthermore urged that the remedy of the defendants was by appeal, and to have raised and contested the question of the validity of the decree in the appellate court. But the decree in the court below was taken upon the matter of the bill as confessed for want of an appearance. The defendants could not be presumed to know that a decree could be entered against them by a judge disqualified on the ground of kinship or affinity. And, as the record does not disclose the fact, it is not quite

clear how the question could be raised upon the record upon appeal.

But the objection reaches further than the mere rights of parties to the suit. It involves the administration of justice before unprejudiced and impartial tribunals, whose judicial acts the public are interested in placing above the plane of criticism or reproach. If a decree of an inferior court may be sustained because an appeal will lie, what shall be done when a decree of a court of last resort is passed and entered by judges interested or related to the parties? It cannot be corrected by appeal. The statute applies to all judges, and to all courts, and renders their acts *coram non judice.*

In *Peninsular Railway Co. v. Howard,* 20 Mich. 25, it was said:

"It is not a matter of discretion with the judge or other person acting in a judicial capacity, nor is it left to his own sense of propriety or decency; but the principle forbids him to act in such capacity at all when he is thus interested, or when he may possibly be subjected to the temptation. His powers are absolutely subject to this limitation."

And in *Stockwell v. Board,* 22 Mich. 350, it was said:

"The immediate rights of the litigants are not the only objects of the rule. A sound public policy, which is interested in preserving every tribunal appointed by law from discredit, imperiously demands its observance."

The judgment of the circuit court must be affirmed.

LONG and GRANT, JJ., concurred. MORSE, J., did not sit.