REBECCA HORTON V. HENRY HOWARD, CARLOS D. HORTON, AND ETTA M. BEARD.

[See 45 Mich. 404; 79 Id. 642.]

*Deed—Life-estate—Mortgage—Purchase of interest of remainder-men.*

1. Where the owner of a life-estate joins with the remainder-men in a deed of the land, a mortgage given to secure the payment of the purchase money, payable to the grantors jointly, will be construed as securing the payment to the owner of the life-estate of the interest upon the mortgage during his life.

2. A purchaser of the interests of the remainder-men in the mortgage is entitled to no other or greater right, legal or equitable, than they possessed, which was to receive the principal after the termination of the life-estate.

Appeal from St. Clair. (Canfield, J.) Argued February 3, 1893. Decided March 10, 1893.

Bill to foreclose a mortgage. Complainant and defendant Howard appeal. Decree modified, and one entered in accordance with the opinion. The facts are stated in the opinion, and in 45 Mich. 404, and 79 Id. 642.

*Chadwick & Wood,* for complainant.

*Stevens & Merriam (Atkinson, Vance & Wolcott,* of counsel), for defendant Howard.

GRANT, J. One Nelson Horton died in 1864, leaving a widow, the complainant, and two children, Carlos D. Horton and Etta M. Beard. In 1869 Carlos and Etta, in settlement of their mother's right of dower, executed to her a deed of a life-estate in certain lands, including that here in controversy. The subsequent mortgages, deeds, and foreclosure suits will be found sufficiently stated in *Pool*

*v. Horton,* 45 Mich. 404, and *Horton v. Howard,* 79 Id. 642.

After the decision in the latter case, holding that the decree of foreclosure was void on account of the kinship of the circuit judge to the complainants therein, viz., Rebecca Horton, Carlos D. Horton, and Etta M. Beard, complainant filed a supplemental bill, setting forth the proceedings had in the case and the decision of this Court therein, in which she alleged that she had never discharged, surrendered, or relinquished the mortgage of October 15, 1875, and had never consented to, or known of, the execution of the mortgage executed January 10, 1876, to take the place of the first mortgage, and to correct a misdescription of the lands therein. Issue was joined, proofs were taken, and the court found that defendant Howard had acquired, by purchase and otherwise, the interests of Carlos D. Horton and Etta M. Beard, together with the debts secured in and by said mortgage, and as to them no sum was due and enforceable on said notes or mortgage, that complainant was entitled to one-third of the principal and interest due and secured by said mortgage, and entered a decree accordingly.

Complainant and defendant Howard appeal, the complainant claiming that she is entitled to the interest upon the mortgage as representing her life-estate, and the defendant Howard claiming that the mortgage had become void by the failure of Carlos to pay the Pool mortgage, or, if that be not so, that then complainant is entitled to only an undivided one-fourth of the mortgage, and that, whatever interest complainant has, it is in equity subject to $1,700 which defendant Howard claims to have paid Mrs. Beard for her interest, and $1,100 which he paid on the foreclosure of the Pool mortgage, by which he secured Carlos' interest.

Most of the questions now involved were determined in.

the other suits above referred to, and, so far as determined, are *res judicata*. In *Pool v. Horton*, 45 Mich. 404, it was held that the interests of complainant and her daughter were not subject to the Pool mortgage; and in *Horton v. Howard*, 79 Mich. 642, it was held that the mortgages under which Howard claimed title were subsequent and subject to the mortgage of complainant.

It is unnecessary to state in detail all the proceedings and conveyances by which the defendant Howard finally obtained all the interest except that represented by the complainant. Her title and rights, whatever they were, were upon record, and were therefore notice to all subsequent purchasers. By the deed of complainant and her children to the Hibbards she conveyed her life-estate, which was all she had to convey, and they conveyed a reversionary interest, which was all they had to convey. As each conveyed his or her separate interest, the mortgage given back must be construed to secure to each his or her part of the purchase price unpaid. Their interests were as clearly distinguishable as though each had taken a separate mortgage. Complainant's life interest might then have been determined according to her expectancy of life, and this amount inserted in the mortgage. But the parties chose a course which might be favorable or unfavorable, according to the time she continued to live.

The effect of the mortgage was to declare that she should have the use of the money during her life, and that her children should receive the principal at her death. He who bought the interests of Carlos and Etta in this mortgage took them subject to this condition. Defendant Howard purchased them, and, if he were now allowed to offset the amounts paid for their interests against complainant's life-estate, it would leave her practically nothing. By this purchase he became entitled to no other or greater right, legal or equitable, than they possessed, and that sole right

was to receive the principal after the termination of the life-estate. She has lived far beyond the expectancy of life, being now 83 years old. But this does not change the situation or rights of the parties. She has in fact been paid nothing. She is therefore entitled to recover in this suit the interest upon the notes and mortgage from the time of their execution to the entry of the decree. She is also entitled to receive this annually until the mortgage is discharged or until her death. Defendant may, however, at his option, have the amount from the date of the settlement of the decree determined according to the life tables, and have the mortgage discharged upon payment of that amount, together with the interest now due.

The decree must be modified, and a decree entered in this Court in accordance with the above opinion. Complainant will recover costs of both courts.

The other Justices concurred.