BENJAMIN HERRING *v.* JOSEPH O. SUTTON.

1. DEED OF TRUST. *Foreclosure. Vacating sale. Fraud. Concrete case.*

Where the grantor in a deed of trust was mentally afflicted, if not totally incapacitated, when he executed the deed and continuously since, a sale thereunder will be adjudged fraudulent, where the beneficiary has prevented competition my misrepresentation as to the amount he would bid, purchased the land for a grossly inadequate price, and for several years thereafter failed to assert title or take possession, allowing the grantor to remain in possession and pay taxes thereon.

2. SAME. *Equitable principle.*

A court of equity in the exercise of a broad discretion should see that wrong and oppression are not inflicted under the guise of legal procedure, but that justice is done as the very right of each case may demand.

FROM the chancery court of Lawrence county.

HON. ROBERT B. MAYES, Chancellor.

Herring, the appellant (being *non compos mentis*), by his next friend, was the complainant, and Sutton, the appellee, defendant in the court below. From a decree in defendant's favor the complainant appealed to the supreme court. The facts are stated in the opinion of the court.

*J. H. Arrington,* for appellant.

*G. Wood McGee,* for appellees.

TRULY, J., delivered the opinion of the court.

Appellee, Sutton, claims to be the owner of the one-hundred-and-sixty-acre tract of land in controversy by virtue of purchase at foreclosure sales under two deeds of trust executed by Benjamin Herring, the appellant herein. Appellant contends through his next friend that he was at the date of the execution of the trust deeds mentally incapacitated from making con-

tracts, that the sales under the trust deeds were fraudulently conducted, and that the sums brought at the sales were so grossly inadequate as to require the intervention of a court of equity, and he filed his bill of complaint asking that the sales be set aside and the deeds of trust canceled. Upon final hearing the chancellor heard the testimony of the witnesses delivered orally, and decreed that the complainant was not entitled to relief, and upheld the sales under the trust deeds. The testimony showed by a great preponderance thereof that Benjamin Herring, the grantor in the trust deeds, is an ignorant and mentally afflicted negro, often irresponsible, and at no time capable of transacting for himself the more important affairs of life. One of the trust deeds in question was executed in favor of Sutton to secure a balance due upon supplies stated to have been advanced during the year 1891; the other trust deed was executed to secure solicitor's fee of $25 for procuring a divorce for the said Herring. This last trust deed was assigned in consideration of a half barrel of molasses to appellee, Sutton. The first trust deed was on eighty acres of the land, and at foreclosure sale brought the sum of $10, and was purchased by Sutton, the beneficiary in the trust deed. The second trust deed was on the entire tract of one hundred and sixty acres, and at foreclosure thereof it brought the sum of $20, and was bought in by Sutton, to whom the trust deed had been assigned. The value of the land at the date of the sale is estimated at $300 at the lowest and $1,000 at the highest valuation by the witnesses. Sutton testified that he paid no money at either of the sales, simply crediting the sums bid on the amounts secured by the instruments. The foreclosure sales were made in the year 1896, and the proof shows that Sutton did nothing toward taking possession of the land under his alleged purchases, and that Herring, through his brother, continued to have the land assessed to him and to pay the taxes thereon. Nothing was done to assert any title on the part of Sutton until the land was seized under an execution on a judgment against Sutton

in favor of R. A. Benson, the other appellee, who purchased the land at the execution sale, but subsequently reconveyed the same by quitclaim to Sutton. Sutton testified in his own behalf, and in the course of his statement admitted that he had told an intending bidder at the foreclosure sale of the eighty-acre tract under the deed of trust executed in his favor, in response to an inquiry as to how much the land would probably bring at the sale, that he intended to bid the full amount of the indebtedness which he claimed to hold as a lien on the land. Thereupon this intending purchaser did not attend the sale nor bid on the land, and Sutton, in default of other bidders, purchased it for the sum of $10. Sutton's testimony further disclosed that prior to the sale he regarded his claim under the trust deed of so little value that he offered to take from Benjamin Herring's brother a bale of cotton for the entire indebtedness, though he acknowledged that the land was worth far more than he claimed was due thereon.

In view of all these facts we cannot uphold the sales under the trust deeds. It is urged by appellees· that the chancellor saw appellant, Benjamin Herring, and heard him testify; that the final decree was a judicial finding of the fact of his mental soundness, and that we ought not to disturb his conclusion. Nor would we, probably, on this ground alone. But since it is uncontroverted that Herring is ignorant and mentally afflicted, if not totally incapacitated, this fact, viewed in connection with the many palpable badges of fraud shown in this record—the prevention of fair competition by misrepresentation, the gross inadequacy of price, the long silence of Sutton after his alleged purchase, his failure to take possession, the fact that he allowed Herring to remain in control of the land and have the same assessed to him and pay the taxes thereon for several years—all convince us that the transaction is not such a one as merits the approval of a court of conscience. We base our decision in this matter upon the general principle which requires a court of equity in the exercise of a broad discretion

to see that wrong and. oppression are not inflicted under the guise of legal procedure, but that justice is done as the very right of each case may demand.   But in considering the case as a whole, it is not amiss to note that the attempted sale of the eighty-acre tract under the trust deed in favor of Sutton was apparently void, because the deed from Waltham, the trustee, affirmatively shows that the sale was not made at the place required by the express terms of the trust deed itself. The opinion is not predicated of this fact, vital though it is, for the reason that it was not presented for the consideration of the learned chancellor who presided in this case; otherwise we are convinced his decree as to that sale, at least, would have been different.    .

*Reversed and remanded.*