WEEMS *v.* VOWELL *et al.*

[84 South. 240. In Banc. No. 21098.]

1. JUDGMENT. *Judgment obtained by fraud may be canceled or enjoined.*

  A judgment or decree obtained by fraud is void, and may be canceled or enjoined in a court of equity.

2. JUDGMENT. *Judgment obtained by unauthorized appearance by attorney may be enjoined or canceled.*

  An attorney who makes a person a party complainant to a suit without the knowledge or consent of such party, and. by the means of such unauthorized act, causes a judgment to be rendered against such party, commits a legal fraud,. and such judgment may be enjoined or canceled in equity where there is no element of estoppel or acquiescence on the part of the person so joined as such party without authority after notice of such judgment.

APPEAL from the chancery court of Winston county. HON. A. Y. WOODWARD, Chancellor.

Suit to enjoin an execution by Mrs. M. E. Weems against certain defendants, in which J. W. Vowell was

granted leave to intervene as a party, defendant. De-
cree dissolving the injunction and awarding damages
thereon and finding for defendants and entering judg-
ment against complainant and the sureties on her in-
junction bond, and she appeals. Reversed, and decree
for plaintiff.

*J. A. Brantley* and *Watkins & Watkins,* for appellant.

A mere statement of the facts in this case is all that
is necessary to justify a reversal of the case. The un-
disputed proof is that the appellant did not know of
the suit of S. C. Weems against Vowell, and never heard
of it until the sheriff appeared at her door with an
execution against her for damages on the injunction
bond. The proof is undisputed that Mr. L. H. Hopkins,
the attorney for her husband, without her knowledge or
consent, or without his knowledge or consent, joined her
as complainant in the original bill of complaint filed by.
S. C. Weems against the appellee. That this was done
at the trial of the case at the suggestion of the chancel-
lor; that since she had subsequently acquired the prop-
erty, she should be made a party to the proceedings.
Mr. Hopkins was not her attorney, however, and never
obtained her consent or that of her husband that this
course might be taken.

The only contention made by counsel for the appellee,
as we understand it, is that the appellant is' estopped
from asserting that she did not know her name had been
joined as cocomplainant in the original bill of complaint
filed by S. C. Weems. We respectfully submit that there
is no element of estoppel in the case. It does appear
that subsequent to the filing of the original bill by S. C.
Weems, Mrs. Weems, the appellant herein, bought the
property under her second deed of trust and held it for
several months. There is no proof, however, that she
obtained any revenue from the place and even if she did,

there is no proof that she knew, or had any kind of notice, that Mr. S. C. Weems had obtained an injunction restraining Mr. Vowell from proceeding with the first deed of trust held upon the property in question.

It is essential that before a party can be estopped by conduct, his or her acts must have been had and done with full knowledge of the facts. *Thomas* v. *Romano,* 82 Miss. 256; *Yazoo Lumber Co.* v. *Clark,* 95 Miss. 244.

It being undisputed that Mrs. Weems had no notice or knowledge of the suit of her husband, and no notice or knowledge of the fact that she was joined as cocomplainant in the cause, she could not be estopped. Again, it is contended by the appellee that she ratified the act of her husband in suing out the injunction, and that she could not take advantage of her lack of consent to becoming a complainant in the cause. We beg to state, however, that there could be no ratification without notice.

In 31 Cyc., at page 1253, the rule is announced as follows: "As a general rule, in order that a ratification of an unauthorized act or transaction of an agent may be valid and binding, it is essential that the principal have full knowledge, at the time of the ratification, of all material facts relative to the unauthorized transaction; and in order to make this rule operative, the principal must know the actual facts and not merely what the agent suppressed or are unknown, there is no ratification, and the principal is at liberty to repudiate his assent and assert his rights in other ways, and it matters not whether the principal's want of knowledge was due to designed or undesigned concealment or wilful representation on the part of the agent or his mere inadvertence, or whether the question arises between the principal and the agent or as to third persons."

But there is still another and further answer to the doctrine of ratification, and that is, that S. C. Weems

in suing out the injunction, was acting upon his own account. He proceeded upon the theory that he had placed with Vowell, the appellee, a collateral security, in addition to his own note for five hundred dollars, notes of Brazelle and wife held by him; that he had paid his indebtedness to Vowell, and was entitled to have his note extinguished and the collateral returned to him. He was therefore acting for himself and not for his wife, and therefore, there could be no ratification.

In 31 Cyc., page 1251, the rule is announced as follows: "In order that an unauthorized act may be capable of ratification, it is necessary that it should have been performed by one acting as agent on behalf of another as principal. Hence, if an alleged agent does not pretend to assume to be acting for another, but acts solely on his own account, then as to such other, the transaction is neither *alios acta,* and he cannot make himself a party to it by his ratification of the act; and even where one falsely professes to act as agent, but is actually contracting for himself and in his own name, the alleged principal cannot make himself a party to the contract by ratification. Nor can one person ratify an act done by one assuming to act as agent for another person."

We respectfully submit that the decree of the chancellor was wrong, was utterly unsupported by any kind of testimony, was in contradiction of the undisputed testimony, and that therefore the decree should be reversed and a decree rendered in this court for the appellant.

*Robt. B. Mayes* and *Clayton Potter,* for appellee.

The chancery court in trying this case has twice held, as a matter of fact, that the husband, S. C. Weems, was the agent and confidential advisor of Mrs. M. E. Weems, and that she was responsible for his actions. The chancery court twice held that an injunction sued out by the Weems' should be dissolved on the facts. We contend,

therefore, that the chancellor's finding of the facts should not be disturbed. The court knew, and this court will know, that Mrs. Weems knew all about this first suit and she knew that her husband had her name inserted, and the court found that he had full authority to do so. S. C. Weems had no interest in the suit. He could not have moved one step without his wife's name being added to it. She was at that time the owner of the property, and the sole one to be benefited by securing the cancellation of Vowell trust deed. If S. C. Weems could have secured the cancellation showing that this trust deed had been paid, it would not have benefited him but would have taken that much burden off the property for his wife; it would have done him no good except through his wife, as she was then the owner of the property. She alone was to be benefited by it for if she got hold of the Vowell trust deed her title stood clear. If the Vowell trust deed was a valid subsisting debt she had to pay the amount of that trust deed before she could clear up her title. Transactions between husband and wife, where the rights of third parties are affected are, and should be, scrutinized closely so as not to permit them to perpetrate a fraud upon the interest of the third parties. The court looked through all the veneer surrounding this transaction.

The decision of the chancellor, is as it ought to have been. This transaction will not stand when an honest light is let in upon it, and the trial court knew this from the facts in the case and so decided it. To permit this transaction would be to permit this husband and wife to perpetrate a fraud on an innocent party by colluding with each other.

Mr. Hopkins, it is true, testified that he was the lawyer in the first suit, and that he had no conversation with Mrs. M. E. Weems about inserting her name as a complainant in the original injunction suit, but Hopkins knew it was not necessary. He knew that the suit he was conducting

was really Mrs. Weems' suit; that the husband had no interest in it. He knew that the husband was representing the wife; that he was her agent and he knew that he had full authority to put her name as a party complainant. If the first suit had been successful, Mrs. Weems would never have denied the authority by which her name was placed as complainant.

We respectfully submit that the case should be affirmed.

*H. F. Jones,* for appellee.

If an agent comes to a knowledge of a fact while acting for the principal, this notice operates as constructive notice to the principal, therefore the agent of M. E. Weems at the sale and purchase on October 23, 1916, having notice of the suit filed involving the land in question, and all that it purported to show is constructive notice to M. E. Weems. *Wilcox* v. *Nouth,* 2 S. & M. 476; *Ross* v. *Houston et al.,* 25 Miss. 591. The notice there should have been sufficient to call upon M. E. Weems for an investigation of the suit, and she would have then found her name in the bill of injunction filed by her husband as set forth.

Whatever, puts a person on inquiry is sufficient notice, where the means of knowledge are at hand; and if he omits to inquire, he is chargeable with all the facts which, by a proper inquiry he might have ascertained. 20 R. C. L. page 346.

The appellant is chargeable with constructive notice of an advertisement duly made as prescribed by law and she is chargeable with the notice of the sale advertised by H. F. Jones, Trustee, under the sale of the lands which was enjoined prior to March 7, 1916, at which time the injunction suit was filed by S. C. Weems and according to testimony offered by her here, her name was introduced into the original bill, in open court by an attorney

representing her husband; yet she bought this land with this constructive knowledge before her, and this open and legal notice, which the law prescribes caused her to make no inquiry into the reason why this land was not sold, land upon which she held a deed of trust for money loaned, when the means of knowing was at hand, and by making slight inquiry she could have learned the true facts in regard to the situation. Hopkins states that he added the name of M. E. Weems perhaps a month after the bill was filed, by permission of the court.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Mrs. Weems, filed a bill in the chancery court to enjoin the sheriff from executing an execution upon her property. She alleged in her bill that she had not authorized the use of her name as plaintiff in the suit upon which the judgment was rendered and the execution was issued, and that she was made a complainant therein without her knowledge or consent; that her first knowledge of such fact of being a party to the said cause, or that there was a judgment rendered against her, was when the sheriff appeared at her place with an execution. She further alleged that S. C. Weems, her husband, had filed a bill of injunction in the chancery court against J. W. Vowell, beneficiary, and H. F. Jones, trustee, restraining and enjoining them from selling certain property described in the said bill for an injunction; that, after said bill for an injunction had been filed and the bond executed and approved, counsel representing S. C. Weems joined the complainant in the present bill as a party in said cause without the knowledge, consent, or approval of the complainant, and that judgment was entered in the said cause against her and S. C. Weems and the sureties on his injunction bond; that she had never at any time

authorized said counsel for S. C. Weems, or any person whatsoever, to use or include her as a party in said cause, and that said judgment as to her is void and of no effect; that said sheriff had levied upon two hundred and fifty bushels of corn belonging to the complainant under the said void judgment, and had advertised the same to be sold; and that the sale would be made unless the sheriff was restrained. It further alleged that she was the head of a family, that said corn was grown upon her property, and that said corn was all the corn that said complainant now has or owns, and was exempt from taxation, and prayed for a writ of injunction restraining the sheriff from proceeding with the sale, and that on final hearing the injunction be made perpetual, and that the court would grant an order setting aside the judgment and decree against complainant.

The defendants filed an answer denying the allegations of the bill, and J. W. Vowell filed a motion to intervene as a party defendant, which motion was granted. The defendants filed notice of damage for the wrongful suing out of the injunction. On the trial it was agreed that Mrs. Weems was sick and unable to attend court, and if present, would testify that the first knowledge she had of the judgment entered against her husband, S. C. Weems, or herself, as principal and sureties on the injunction bond, was when the sheriff appeared at her home to execute the execution issued upon the judgment, and that at no time did she authorize counsel, or any one else, to sign her name to the bill of complaint filed by S. C. Weems against J. W. Vowell and H. F. Jones, trustee, or to join her in any way as complainant in the said bill, and, further, that she would testify that the corn levied upon was grown upon her individual land, and that she at no time saw any advertisement of any property in the Winston County Journal, or any other paper, affecting her property or the property of her husband.

The complainant in the original bill upon which the judgment was entered, S. C. Weems, testified that he had never authorized his attorney to join Mrs. Weems as a complainant; that he had filed the suit in his own name; that he had never discussed it with Mrs. Weems; that the first knowledge that he had that Mrs. Weems was a party defendant in the original bill filed by him was just after the execution on the judgment; that he did not know that she was connected with the suit; and that he did not, as agent or otherwise, authorize his attorney to make her a party complainant. The attorney was introduced as a witness for the complainant and testified to the same effect. He said that he filed a bill in the name of S. C. Weems, and that no one authorized him to join Mrs. Weems as a party complainant, but that on the hearing he thought it would protect Mrs. Weems' rights to make her a party complainant, and that he made her a party of his own volition, intending to get an order of the court making her a party but failed to have an order entered; that he had no authority either from Mr. Weems or Mrs. Weems to join her as a complainant in the suit.

It appears from the original bill filed by S. C. Weems that he had taken a deed of trust upon certain lands from one Breazeale, and that he had assigned this deed of trust as collateral security for a promissory note executed by him to Vowell for five hundred dollars. It further alleged that he had paid off the said note to Vowell, and was not indebted to him in any amount whatever, and that he had tried to get a settlement with Vowell, and that, if he owed him anything at all, he stood ready and willing to pay the same, and was ready and anxious to establish the fact that the note and deed of trust transferred as collateral is fully paid. He further alleged that he had executed a deed of conveyance to the land embraced in the deed of trust to one Daniel, and that Breazeale had conveyed to him

(Weems) the land in payment of the amount due on the deed of trust, and that Daniels had conveyed to Carter, and Carter had conveyed by deed of trust on said land to M. E. Weems, the wife of the complainant.

It appears in the testimony that, subsequent to the filing of this bill for injunction by S. C. Weems, Mrs. Weems had her deed of trust foreclosed, and had bought in the property at a trustee's sale. The defendants in the present suit sought to establish that S. C. Weems, the husband of M. E. Weems, acted as her agent in buying in the property at the trustee's sale, and that at such sale the attorneys for Vowell had given notice at the time of the sale, and in the presence of S. C. Weems, that the land was in litigation, and contend that this notice to S. C. Weems of the claim of Vowell was notice to Mrs. Weems, and that by reason thereof she is estopped to maintain the present suit.

The chancellor dissolved the injunction in the present case and awarded damages thereon, finding for the defendants in said cause, and entered a judgment against the appellant and the sureties on her injunction bond, from which this appeal is prosecuted.

It clearly appears from the evidence in the case that the attorney for S. C. Weems in the first injunction suit had no authority from any one to join appellant as a party to said cause. It further appears to the satisfaction of the court that Mrs. Weems, the appellant, was not a surety upon the injunction bond in said cause.

We think the law is well settled that no person can be made a party complainant to a suit without their knowledge or consent, no matter what motive may have influenced the attorney or what good may have, in his opinion resulted to the complainant by making her a party, and that his action in so doing was unwarranted, fraudulent, and void. The joining of a party complainant in a suit without authority so to do is necessarily

a fraud in law, without regard to the motive actuating the attorney in taking such action, and it is clearly settled that equity will relieve by injunction, and by other appropriate relief, against a judgment rendered against a party where there was no authority for joining such party in the suit.

In *Webster* v. *Skipwith,* 26 Miss. 341, the doctrine is laid down that in all cases where, by accident, mistake, or fraud, or otherwise, a party has an unfair advantage in proceeding in a court, which must necessarily make that court an instrument of injustice, and is therefore against conscience that he should use that advantage, a court of equity will interfere and restrain him from using that advantage; that any fact that proves it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident un-mixed, with any fraud or negligence of himself, or of his agents, will authorize a court of equity to interfere. In that case, as the pleadings stood at the trial term of the suit, the defendant was in attendance and prepared with the proof necessary to a successful defense of it; but, on the assurance of his counsel that, as the pleadings stood, the burden of proof was upon the plaintiff, and that as plaintiff's counsel had no proof to sustain the action, it would be decided for the defendant, the defendant gave no further attention to the case, but left the court. The attorney for the plaintiff was of opinion that he could not recover a final judgment for want of proof, and so stated to the adverse counsel, and proposed to him that the case should be continued, expressing a willingness to dismiss it upon the payment of costs and his fee, which was declined. He then determined to obtain an amendment of the declaration, so as to dispense with proof, and accordingly made such an amendment, acting, as he thought, under the consent

of the attorney for the defendant. But there seems to have been a misunderstanding between the attorneys; the one believing the consent to have been given, and the other not intending to give it, and being, as he contends, ignorant of the fact that the amendment was made. Under these circumstances, the case proceeded to trial, the declaration as amended was read, and the defendant's original plea. The defendant contended that the burden of proof was upon the plaintiff, and, as no proof was introduced, that a verdict should be rendered for the defendant. The court was of a different opinion, and judgment was rendered for the plaintiff, and on appeal the decision of the court below was affirmed, and a bill was sued out to enjoin the execution, alleging the above facts and charging fraud. The bill was dismissed in the court below, and from that decree an appeal was taken. This court reversed the judgment of the lower court.

In *Plummer* v. *Plummer,* 37 Miss. 185, in the first syllabus of that case, the rule is stated as follows: "A decree obtained by fraud is void both at law and equity, and may be so treated in any collateral proceeding in either forum; and hence the husband may, in a suit to recover property in the possession of the wife's vendee, show that a decree obtained by the wife against him for a divorce *a vinculo,* and adjudging the property to be hers, was obtained by fraud; and upon establishinig his title, and the fraud in the decree, he will be entitled to recover without proceeding directly to annul the decree."

In *Christian* v. *O'Neal,* 46 Miss. 669, in the second syllabus it is said: "It is admissible to attack judicial proceedings for fraud, and parol evidence is admissible to prove it."

In *Richardson* v. *Brooks,* 52 Miss. 118, this court held that equity had jurisdiction to set aside a judgment procured by fraud; that, while equity will not under-

take to review probate proceedings in a probate court
with a view of correcting them, it will act to investi-
gate the act of a trustee, with a view of declaring him
or his privies to be clothed with the legal title to
property for the benefit of the *cestui que trust,* and it
will not stop the pursuit because it leads into a court of
probate; that one court may look into the records of an-
other of concurrent jurisdiction, or even of exclusive
jurisdiction, not with a view of revising or amending
them, but for the purpose of seeing whether rights
claimed to have been obtained there were obtained
through fraud—saying: "Fraud vitiates everything,
and may be collaterally attacked,' and this applies to
the judgments and decrees of all courts."

In *Herring* v. *Sutton,* 86 Miss. 283, 38 So. 235, in
the second syllabus the principle is stated:

"A court of equity in the exercise of a broad discre-
tion should see that wrong and oppression are not in-
flicted under the guise of legal procedure, but that
justice is done as the very right of each case may de-
mand."

That a judgment entered against a party in a suit
in which such party was joined by an attorney without
authority to do so may be set aside, vacated, or en-
joined, see the following authorities: *Aldrich* v. *Kinney,*
4 Conn. 380, 10 Am. Dec. 151; *Sherrard* v. *Nevius,* 2
Ind. 241, 52 Am. Dec. 508, and case note; *Horton* v.
*Howard,* 79 Mich. 642, 44 N. W. 1112, 19 Am. St. Rep.
198; *American Ins. Co.* v. *Oakley,* 9 Paige (N. Y.)
496, 38 Am. Dec. 561, and case note; *Keith* v. *Wilson,*
6 Mo. 435, 35 Am. Dec. 443, and case note at page 448;
*Wiley* v. *Pratt,* 23 Ind. 633; *Shelton* v. *Tiffin,* 6 How.
163, 12 L. Ed. 387; First Dec. Dig. Judgment, section
492.

We fail to find any evidence in the record warranting
an estoppel against the appellant. This suit is for in-
junction and cancellation as to a judgment rendered

against the appellant without authority of law, and is not a suit concerning title to real estate involved in the injunction suit filed by S. C. Weems against Vowell and Jones. There is certainly nothing in the record showing any act by the appellant after knowledge of judgment rendered against her that would preclude her from asserting her rights. The chancellor should have made the injunction perpetual and canceled the judgment. As the facts are all one way, the case will be reversed, and judgment rendered here in favor of appellant.

Reversed, and judgment for appellant.

*Reversed.*